## ANDERSON v. SEAMANS.

1. MECHANIC'S LIEN: *Action to enforce: Filing account.*

Plaintiffs furnished material to build a hotel for defendants, and within ninety days after the last lot of material had been delivered brought an action to enforce their lien as material furnishers. They filed with their complaint a verified account, setting forth the dates, quantities of lumber and prices, but no abstract of particulars was made in the book kept for recording such liens. *Held:* That as between the lien holder and the owner of the real estate which has been improved, where the action is begun within ninety days, there is no necessity to file any other account than that which accompanies the complaint, nor to enter any abstract of the particulars of the lien in the mechanic's lien book.

2. SAME: *Homestead not exempt from.*

A homestead is not exempt from a mechanic's lien for the value of lumber furnished to improve it.

APPEAL from *Desha* Circuit Court.

J. A. WILLIAMS, Judge.

*J. W. Dickinson* for appellants.

Plaintiffs had complied with the law in every respect. *Mansf. Dig.*, secs. *4402, etc.*

The lien grows out of the use of the materials furnished. *30 Ark., 35; 39 id., 29; 18 Ill., 323.*

As between the material man and the owner of the land an exact compliance is not essential. *30 Ark., 568.*

The petition need only allege the facts necessary to secure the lien and a description of the property. This was done. *41 Ark., 42.*

The homestead is not exempt from furnishers' liens. *Const.*, *art. 9, sec. 3; 39 Ark., 572.*


*W. S. McCain* for appellees.

The account and affidavit required by the statute were never filed. Mechanics' liens depend upon the particular statutory remedy. A compliance with the statute is a *condition precedent* to the existence of the lien. *Mansf. Dig.*, sec. *4402.*

In *30 Ark., 568*, the language of the statute was evidently overlooked. *30 Ark., 25*, is not in point. The old statute (*ch. 112, Gould's Dig.*), gave a mechanic an unconditional lien. There were no prerequisites to such lien as now.

The account filed is no compliance with the statute. It contains no description of the property. And the complaint cannot be read in aid of the "verified account." *24 Wis., 563; 54 Ga., 571; 77 N. C., 77.* In most States this filing of an account is called "notice and claim." It is an essential prerequisite. *Phillips Mech. Liens*, sec. *338.* The allegation in the complaint that the material was "used" less than ninety days before filing, etc., is not sufficient; it must have been *furnished* within the time. *41 Ark., 42; 30 id., 682.*

No abstract was made in the "mechanic's lien book," as required by section 4407. *21 Ark., 186.*

Our statute provides that the petition, among other things, must state the facts necessary to secure the lien and a description of the property. *Sec. 4413.* No lien can be declared when the statute has not been complied with, and there is no distinction between the owner and third persons.

SMITH, J. Anderson & Bird furnished lumber to build a hotel for Seamans and wife; and within ninety days after the last lot of lumber had been delivered, brought the present action to establish and enforce their lien as material furnishers. They filed with their complaint a bill of particulars, setting forth the dates, quantities of lumber, and prices. The defendants were duly served with process, but not having appeared, a personal judgment was rendered against them by default, and likewise the hotel and lots upon which it is situate were condemned to be sold for the satisfaction of said judgment. On a subsequent day of the same term, the defendants moved the court to open this default and let them in to defend. They alleged that judgment should only have been *in personam* and not *in rem*, that the plaintiffs had no lien because they had not complied with the statute by causing their claim of lien to be filed and recorded. The Circuit Court vacated so much of the judgment as declared a specific lien on the house and lots, leaving the money judgment in force.

It also appeared that, before modification of the judgment, plaintiffs had taken out a special *fi. fa.*, and were about to cause the premises to be sold, when the defendants claimed the same as a homestead. The Clerk refused a *supersedeas*, but the Circuit Court allowed the claim of exemption.

From the action of the court in refusing them any relief against the land, Anderson & Bird have appealed.

The statute directs that any person wishing to avail himself of the mechanic's lien law shall file with the Clerk of the Circuit Court, within ninety days after all the materials have been furnished, or mechanical work has been done, a just and true account of the debt due, after allowing all credits, and containing a correct description of the property to be charged with the lien, verified by affidavit. And it is made the duty of the Clerk to indorse upon the account the date of its filing, and to transcribe, in a book kept for that purpose, the date of filing and the amount of the lien, the names of the person laying the lien and of the person against whose property the same is filed, together with a description of the property to be charged. And within nine months thereafter, the claimant is to follow up his lien by an action in the Circuit Court, wherein his complaint must allege the performance of all the acts necessary under the statute to fix the lien. *Mansf. Dig., secs. 4406-7, 4413, 4418; Ark. Cent. R. Co. v. McKay, 30 Ark., 682; Chaffin v. McFadden, 41 id., 42.*

Here the verified account was filed within the time limited by law, and the date of the filing was indorsed thereon. But no abstract of the particulars was made in the book kept for recording such liens. The reason for this doubtless was that the filing of the account and the bringing of the action were simultaneous, in fact one and the same transaction, the account being attached to the complaint and being the foundation of the suit.

In *Hicks v. Branton, 21 Ark., 192*, it is said that the entering of the abstract in the appropriate book is a condition precedent to the attaching of the lien; that the statute requiring the entry is not merely directory to the Clerk, but is of the essence of what is to be done before the lien attaches; and that it is the duty of the claimant to see that the Clerk makes the abstract.

This is a narrow and contracted view of a statute which is

highly remedial in its nature and which demands a liberal construction for the advancement of the remedy. The lien springs out of the appropriation and use by the land owner of the mechanic's labor or the furnisher's materials, and not from the taking of those formal steps which the statute enjoins for the preservation and assertion of the lien and for giving notice to others of its existence and extent. When the controversy is between the holder of the lien and the proprietor of the land, an exact compliance with the statute at all points is not indispensable. In *Cohn v. Hager, 30 Ark., 28*, this court, in speaking of filing the account and entering the abstract, say: "The object and purpose of these provisions evidently were, in advance of suit, to enable the mechanic, or other party entitled to a lien, to assert it and fix the date, so as to create a preference from the time it is entered upon the judgment docket—" [corresponding to the mechanic's lien book of the present law.] But if the suit is brought within ninety days from the completion of the work, or the supplying of the last of the materials, where is the necessity for constructive notice to the owner by making a record independently of the suit itself? He is amply protected by the general principle of law that requires notice to him before judgment can be rendered against him and before he can be deprived of his property. He has his day in court, and his opportunity to show cause why his property should not be subjected to sale to satisfy the debt he has incurred in its improvement.

In *Murray v. Rapley, 30 Ark., 568*, the land owner had executed an instrument acknowledging the debt and that the same was a mechanic's lien upon certain property. Before the expiration of the ninety days the mechanic brought suit upon this instrument to enforce his lien. No account had ever been filed in the Clerk's office nor abstract entered. It was objected that no compliance with the statutory requirements had been shown. But the court ruled that there had been a substantial

compliance; that the neglect to comply fully and technically with directions which were intended for the protection of third persons, who might acquire rights in or liens upon the same property, could by no possibility tend to the defendant's prejudice, but might defeat the ends of justice.

1. MECHANIC'S LIEN:
Action to en-force.

Our conclusion is, that as between the lien-holder and the owner of the real estate which has been improved, when the suit is begun within ninety days, there is no necessity to file any other account than that which accompanies the complaint, nor to enter any abstract of the particulars of the lien in the mechanic's lien book.

2. SAME:
Homestead not exempt from.

The liability of the homestead to be subjected to claims of this nature is settled by the language of the Constitution itself, as well as by previous decisions of this court. Mechanics' liens for improving the homestead are expressly excepted from the exemption. *Const. of 1874, art. 9, sec. 3; Murray v. Rapley, 30 Ark., 568; Gulledge v. Preddy, 32 id., 433.*

The orders of the Circuit Court, confining the relief to a personal judgment against the defendants and allowing the claim of homestead, are reversed and set aside, and the original judgment by default stands for execution.