BUCKLEY V. TAYLOR.

1. MECHANIC'S LIEN: *Right of sub-contractor.*

One who labors for a "contractor," in the erection of a building, is a "sub-
contractor" within the meaning of the mechanic's lien act. [Mansf. Dig.,
secs. 4402–4424]; and where his labor is performed after notice to the
owner of the improvement, as provided for in the statute, his lien therefor
will not be defeated by the subsequent payment of his wages to the con-
tractor.

2. SAME: *Proceedings to enforce: Construction of statute.*

Where a claim has been established which comes clearly within the purview
of the mechanic's lien act, the provisions of the statute regulating pro-
ceedings to preserve the lien, will be liberally construed in order to pre-
vent a failure of the remedy.

3 SAME: *Same: Stating account.*

In a proceeding by a sub-contractor against the owner of a building, to en-
force a mechanic's lien for labor, the fact that the plaintiff's account on
which the claim is based, is erroneously stated, as if it were for services
rendered under a contract with the owner, will not defeat the lien, where
there is a substantial compliance with the statute in other respects, and it
appears that the error has not misled the defendant to his prejudice.

4. SAME: *Same: Waiver.*

The account of a sub-contractor, presented to the owner of a building with the view of asserting a mechanic's lien for labor, as provided for in sec. 4404, Mansf. Dig., should properly be stated in writing. But where it is presented orally, the owner waives a written statement by placing his rejection of the account solely on the ground that payment for the labor has been made to the contractor.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

JOHN S. LITTLE, Judge.

This was an action to enforce a mechanic's lien for labor performed by the plaintiff, on a building erected on the defendant's lot. The work for which the lien was claimed, was done by the plaintiff as the employee of one Stultz, who was the principal contractor. Stultz abandoned the work and disappeared before the building was completed. The defendant, by his answer, denies that he was notified of the plaintiff's intention to work on the building. He also denies that a copy of the plaintiff's account was filed with the circuit clerk or presented to him as required by the statute. The answer also in effect alleged that the defendant had paid Stultz for all the labor which the latter performed, or caused to be performed, on the house, including the work done by the plaintiff. The statement of account exhibited with the complaint is a copy of one previously filed in the office of the circuit clerk. It is made out against the defendant and verified by an affidavit which states that the work was done under a contract made by the plaintiff with the defendant. But the testimony on the part of the plaintiff shows that the work charged for was done by him under a contract with Stultz and that it was done after he had notified the defendant that he was at work on the building at $2.25 per day and "would look to him" for his wages. No written statement

of the account was presented to the defendant as provided by sec. 4404 Mansf. Dig. But before filing the account in the clerk's office, the plaintiff made to the defendant an oral statement of the amount due for his labor and demanded of him its payment, which was refused on the ground that payment for the work had already been made to Stultz. The court, against the objection of the defendant, permitted a copy of the account as filed in the clerk's office and exhibited with the complaint to be read in evidence.

The verdict and judgment were for the plaintiff and the defendant appealed.

Sec. 4403 Mansf. Dig. provides that every sub-contractor * * * shall give notice to the owner of his intention to labor on an improvement and that after the labor is done he shall settle with the contractor therefor and present the settlement in writing, certified by the contractor, to the owner, and· shall, within sixty days from the time the labor shall have been performed, file a copy of such settlement with the clerk of the circuit court. * * * Secs. 4404 and 4422 of the Digest are as follows:

Sec. 4404: In case the contractor shall for any reason fail or refuse to make and sign such settlement in writing with the sub-contractor when the same is demanded, then the sub-contractor shall make a just and true statement of work and labor done or things furnished by him, giving all credits, which he shall present to the owner or proprietor, his agent or trustee, and shall also file a copy of the same, verified by affidavit, with the circuit clerk, as provided in sec. 4403.

Sec. 4422: All persons furnishing things or doing work provided for by this act, shall be considered sub-contractors, except such as have contracts therefor directly with the owner, proprietor, his agent or trustee.

*J. B. McDonough*, for appellant.

1.   To support the lien of a sub-contractor, there must be a contract between the owner and contractor and between the latter and the laborer or material-man.   Both are necessary to the lien.   Phillips Mech. Liens, sec. 58; Mansf. Dig., sec. 4403–4.

2.   The account filed in this case was one between the sub-contractor and the owner, between whom there is no privity.   But this created no lien because sec. 4406 of Mansf. Dig. was not complied with.   The account filed being made out to enforce the lien of a principal contractor, cannot be made the basis of a sub-contractor's lien.   Sec. 4403, Ib.; Phillips Mech. Liens, secs. 342-3-5, 354; 43 Wis., 551; 29 Ind., 291.

3.   No statement *in writing* was ever furnished the owner of the land.   Mansf. Dig., sec. 4404; 53 Mo., 423; Phillips Mech. Liens, sec. 343; 29 Cal., 283; 29 Iowa, 262; 38 Mo., 188; 49 Iowa, 250; 2 Swan, (Tenn.) 313.

4.   The acts being in derogation of the common law, should be strictly complied with.   5 Dutcher, 475; Phillips Mech. Liens, secs. 14-15-18-19; Houck on Liens, sec. 73, and note (v); 16 Cal., 127.

5.   There has been even no *substantial* compliance with the law.   Mansf. Dig., sec. 4403-4; 43 Wis., 551; 52 Ala., ——; 24 Ill., 110; Phillips Mech. Liens, sec. 338; 20 Ark., 458; 29 Cal., 283.

The notice must be in writing.   48 Miss., 360; 38 Mich., 587; 54 Penn., 192; 2 Greene, (Iowa) 508; 8 S. & R., 58; 35 N. Y., 96; Phillips Mech. Liens, sec. 338, 63 *a*; 45 Iowa, 675; 55 Ib., 489; 54 Ga., 571; 1 E. D. Smith, 654; 77 N. C., 78; 38 Mo., 24.

6.  The contractor was not made a party. Phillips Mech. Liens, sec. 397-8; 2 Minn., 286; Mansf. Dig., 4415-4424.

*E. E. Bryant*, for appellee.

1.  The appellee substantially complied with the requirements of the statute, and that is sufficient.  30 Ark., 573; Phillips Mech. Liens, sec. 16.

2.  Appellant had notice, and he paid the contractor at his own risk, and it would be unjust to allow him to defeat the lien by mere irregularities, or for want of a literal compliance with the statute.  Phillips Mech. Liens, secs. 16-17-18 and 57,

COCKRILL, C. J.

Every person entitled to a mechanic's lien is a contractor or a sub-contractor within the meaning of these terms as used in the mechanic's lien act. One who performs labor for a contractor is a sub-contractor, [Mansf. Dig., sec. 4422], and is entitled to the benefits of the act on complying with its provisions in reference to sub-contractors. If his labor has been done upon the improvement after notice to the owner or proprietor of his intention so to labor and of the probable value thereof as contemplated by sec. 4403 of Mansfield's Digest, subsequent payment therefor by the owner to the contractor will not defeat the lien of the laborer.

In the case under consideration, the plaintiff was a laborer employed by one who had contracted with the owner, who is the defendant, to construct a building for him. There was sufficient testimony to sustain the verdict, to the effect that the plaintiff had notified the owner that he was at work on the building at a given sum per day, and that he would continue his labor, but would hold him responsible for his pay. The lien claimed was for payment of wages due for a part of

*(margin note)* 1. MECHANIC'S LIEN: Right of sub-contractor.

the week immediately succeeding the notice. The owner paid the contractor therefor, after the notice had been given and the labor performed. But that did not displace the laborer's right to a lien as before stated. It is argued that his claim should fail because (1) the plaintiff's statement of account having been made out as though to enforce the lien of a principal contractor, cannot be made the basis of a subcontractor's lien; and (2) because no statement *in writing* of the account was ever furnished to the owner of the premises sought to be charged.

When a claim is established which comes plainly within the purview of the mechanic's lien law, the policy adopted by this court is to give a liberal construction to the provisions of the act regulating the proceeding to preserve the lien, in order to prevent a failure of the remedy. The cases of *Murray v. Rapley*, 30 Ark., 568, and *Anderson v. Seamans*, 49 Ib., 475, are instances.. The reason given for the rule is well stated by Judge Smith in the latter case to be because ''the lien springs out of the appropriation and use of the mechanic's labor and furnisher's materials, and not from the taking of the formal steps which the statute enjoins for the preservation and assertion of the lien and for giving notice to others of its existence and extent.'' ''When the controversy is between the holder of the lien and the proprietor of the land,'' continues the opinion, ''an exact compliance with the statute at all points is not indispensable.'' A substantial compliance is all that can be reasonably demanded, and that is had when no mandatory provision of the statute for the benefit of the land owner has been violated. In this case the circumstance that the account and affidavit upon which the claim for a lien is based, states that the services were rendered under a contract with the land owner, has not

2. SAME: Proceedings to enforce: Construction of statute.

3. SAME: Stating account.

misled him into taking any step to his prejudice; and it con-- tains all that the statute requires to preserve a lien. It should not, therefore, defeat the lien.

4. SAME: Waiver.  As to the second point, the statute evidently contemplates that the statement of account to be rendered to the land owner by the sub-contractor shall be in writing, though it does not in terms demand it. It is not required to be pre- sented until the labor is performed, and when not approved by the contractor, and the lien is asserted under secs. 4403-4 Mansfield's Digest, it can be used by the land owner only as a guide to the amount he should withhold from the contrac- tor. It is only an *ex parte* statement and cannot of itself operate as a bar to the contractor's right to recover of the land owner. Writing adds nothing to its efficiency in that respect. It is the fact of the contractor's indebtedness to the sub-contractor that the land owner must rely upon for his protection in paying the latter what he has contracted to pay the former. If he is satisfied with the sub-contractor's oral statement of the account, no one else can complain. He may, therefore, waive the *ex parte* statement in writing. He did so in this instance by placing his rejection of the account, when payment was demanded, solely upon the ground that he had already paid the contractor.

The contractor ought regularly to have been made a party to the action in order that the judgment might operate as a bar to a suit by him against the defendant for the same claim. But no objection has been made on that score.

Affirm.