LEIPER *v.* MINNIG.

Opinion delivered March 18, 1905.

MECHANICS' LIEN—SIDEWALK.—A material man who has furnished materials for building a sidewalk has a lien therefor, under Kirby's Digest, § 4970, upon the sidewalk and the abutting lots.

Appeal from Pulaski Circuit Court, Second Division.

JOSEPH W. MARTIN. Judge.

Reversed.

## STATEMENT BY THE COURT.

Upon the 5th day of December, 1901, the appellants filed the following complaint in the Pulaski Circuit Court against the appellee, R. D. Minnig, and J. G. Huber.

"The plaintiffs state that they are partners in business and material men, under the style of Leiper & Mills; that on the 1st day of September, 1901, said Minnig made a contract with one J. G. Huber to construct and build a sidewalk for him upon the south fifty feet of lots 7, 8 and 9, in block 15, in Masonic Addition to the city of Little Rock, Arkansas, and being No. 1223 Barber avenue, in said city; that said Huber constructed and built said sidewalk for said Minnig upon that portion of said lots which is used as a public sidewalk in front of said lots on Barber avenue, and purchased of said plaintiffs the cement which he used in its construction, to the value of $24, which has not been paid, which purchase was made on the 6th day of September, 1901; that on the 13th day of November, 1901, they gave said Minnig notice in writing that they had furnished for the purposes aforesaid said materials to said Huber, and that they claimed a lien on said lots and improvement for the same, including his rights to said sidewalk and the land under the same; that on the 2d day of December, 1901, they duly filed their lien upon said property and improvement in the office of the clerk of this county, stating the facts aforesaid and claiming a lien upon said property for the payment of said claim of $24. They further state that before they gave said notice to said Minnig, and before they filed their said claim of lien, said Minnig fully paid said Huber for constructing said sidewalk, and without first paying for said materials to said plaintiffs, who furnished the same with the knowledge of said Minnig.

"Wherefore they demand judgment against said Minnig and Huber for said sum of $24 and interest and costs; and, further, that the same be declared a lien upon said lots and his interest in said improvements, and that the same be adjudged to be sold to satisfy said claim."

On the 5th day of December, 1901, the defendant filed a demurrer, as follows:

"Comes the defendant, R. D. Minnig, and demurs to the complaint herein, and for cause says that it does not state facts sufficient to constitute a cause of action, and that the plaintiff did not make contractor Huber a party to this suit."

The cause was submitted to the court upon these pleadings, and after the argument the court sustained the demurrer, and, the plaintiff electing to stand upon the decision, gave judgment for the defendant for costs, and dismissed the complaint. To this ruling the plaintiff at the time excepted, and took an appeal to this court.

*Eben W. Kimball,* for appellants.

The Mechanics' Lien Law of 1895 gives to mechanics and material men a lien upon property for the building of sidewalks around or adjacent to such property. Acts 1895, p. 217; 67 Ark. 156; Sand. &. H. Dig. § 5313; 49 Ark. 199.

WOOD, J., (after stating the facts.) Has a material man a lien for materials furnished in building a sidewalk upon the lots abutting and on the sidewalk? is the question presented by this appeal. The parts of the statute applicable here are as follows:

"Sec. 4970 (Kirby's Digest). Every mechanic, builder," etc., "or other person who shall do or perform any work upon or furnish any material * * * for any building, erection, improvement upon land * * * under and by virtue of any contract with the owner or proprietor thereof, or his agent, contractor, etc., upon complying with the provisions of this act, shall have for his work or labor done, or materials * * * furnished, a *lien upon such building,* erection or improvement and upon the land belonging to such owner or proprietor on which the same are situated, to the extent of one acre; or if such building, erection or improvement be upon any lot of land in any town, city or village, then such lien shall be upon such building, erection or improvements and the lots or land upon which the same are situated."

"Sec. 4971. The entire land, to the extent aforesaid, upon which any building, erection or other improvement is situated, including as well that part of said land which is not covered with such building, erection or other improvement as that part thereof which is covered with the same, shall be subject to all liens created by this act, to the extent and only to the extent of all the right, title and interest owned therein by the owner or proprietor of such building, erection or other improvement for whose immediate use or benefit the labor was done or things furnished."

"Sec. 4972. The lien for the things aforesaid or work shall attach to the buildings, erections or other improvements for which they were furnished or work was done, in preference to any prior lien," etc., "existing upon said land before said buildings, erections, improvements," etc., "were erected or put thereon, and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter," etc.

This court, prior to the passage of the act under consideration, had construed the words "other improvement" in the mechanics' lien law then in force as meaning a similar improvement to those specially mentioned in the same section immediately preceding, under the familiar rule of *"ejusdem generis." Guise v. Oliver,* 51 Ark. 356.

The Legislature of 1895, cognizant of the construction of the prior law, took up the whole subject-matter anew, and expressly repealed the "mechanics' lien law as contained in Sandels & Hill's Digest" from sections 4731 to 4765, inclusive, and passed a new law upon the subjects therein contained. (Kirby's Digest, § § 4970 to 4994.) The first section of the present law declaring and fixing the lien leaves out the words "or other," and uses the words "building, erection or improvement" upon land, where the old law had the words "building, erection or other improvement upon land." The words "building, erection or improvement" are repeated in this section in the same form four or five times, and nowhere are the words "or other improvement" used. True, in the second, third, fourth and other sections the words "building, erection *or other* improvements" are used, but

these are not in the section creating the liens and naming the person in whose favor they are declared. Where the words "or other improvement" occur in sections following the first, they will be taken in the sense in which the word "improvement" was used in the first section creating and defining the liens and naming the persons entitled thereto. The construction given the words "or other improvement" in the old law was narrow enough, to be sure. The Legislature evidently intended to give liens to the persons named for any and all improvements, whether such improvements be of the character of buildings and erections or otherwise.

One reason why the court construed the old law to mean improvements of the character of buildings, erections or edifices was because that law confined the lien to the land upon which the "building, erection or other improvement" was situated or erected, and to a convenient space around the same, not exceeding two acres clear of the building, tenement or edifice." Taking all the sections together, the court concluded that the old law only contemplated improvements in the nature of buildings and erections. The words "building, tenement or edifice," used in the section defining the extent of the land subject to the liens fixed by the old law, showed clearly the character of the improvements for which a lien was given. But in the act under consideration neither in the sections declaring the liens, nor in those defining their extent, nor in those prescribing the methods of enforcement, do we find any words of limitation confining the character of improvement, as in the old law, to buildings, edifices, erections, and other similar improvements. The language of the act is broad enough to take in sidewalks as in the nature of the improvements contemplated, and also to give the lien not only upon the sidewalk and the land directly covered by it, or on which it is laid, but also upon the lot not covered by it, but upon which it is situated. For the language of the act is, "if such improvement be upon any lot of land in any town, city, or village, then such lien shall be upon such * * * improvements, and the lots or land upon which the same are situated." Also, "the entire land, * * * including as well that part of said land which is not covered with such improvement as that part thereof which is covered with the same."

But such lands are subjected to the liens only to the "extent of all the right, title and interest owned therein by the owner or proprietor of such improvement for whose immediate use or benefit the labor was · done or the things furnished." Now, while the general public have an easement in sidewalks, and while the municipality controls them for the purpose of preserving this easement, yet the fee, under the law, is in the owner of the land abutting the public streets to the center· of the street, and this ownership is absolute, subject only to the rights of the public to enjoy its easement over it, and to the public power of the municipality, as the agent of the public, to preserve ·this easement or highway, The owner's land abutting the sidewalk is enhanced in value by its construction. He has an interest in the sidewalk in common with the public, and also an interest that is special and peculiar to himself. *Kinney* v. *Apgar,* 93 N. Y. 539; *Borough of Greensburg* v. *Young,* 53 Pa. St. 280; *Goddard, Petitioner,* 16 Pick. 504. Sidewalks are often essential to the convenient and comfortable use of a man's own premises. In States where liens are given on buildings and appurtenances, sidewalks are considered appurtenances. 2 Jones on Liens, § 1349; Boisot, Mechanics' Liens, § 110; Kneeland, Mechanics' Liens, p. 94.

We are aware that there is a line of authorities which hold that sidewalks are a public, rather than a private, improvement, and that mechanics and material men have no liens for work done or materials furnished for such improvements. *Coenen* v. *Staub,* 74 Ia. 32; Boisot, Mechanics' Liens, § 110, and authorities cited in note.

We do not regard this position as sound in principle. While it ·is true that the public holds an easement in a sidewalk, and that the sidewalk is a public improvement, in the sense that the municipality has police control over it for the protection of the rights of the public in it, and may cause it to be built, repaired, etc., for the use of the public, yet it is not true that it is wholly a public improvement, as some of the authorities assume. It belongs to the owner, subject to the public easement, and he may make any use of it he deems proper that is not incompatible with the easement of the public. But the public has no other

right in it, and can use it for no other purpose. Our own court and. the authorities generally sanction legislation which compels the owner to build the sidewalk at his own expense. *James* v. *Pine Bluff,* 49 Ark. 199, and *Fitzgerald* v. *Little Rock,* 59 Ark. 494, are authorities cited. These go upon the theory that while the public has an interest in the property for the special purpose of its easement, yet the owner of the land over which it is, and the land adjoining, has a peculiar interest in and benefit from the sidewalk adjoining or abutting his lot which the public does not enjoy. This is the only reason that could justify the municipality in requiring the improvement at the expense of the owner of the lots.

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer.