MIDLAND VALLEY RAILROAD COMPANY v. MORAN BOLT & NUT MANUFACTURING COMPANY.

Opinion delivered June 14, 1909.

1.  APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDINGS.—The findings of the circuit court, sitting as a jury, are as conclusive as the verdict of a jury.  (Page 110.)

2.. MECHANICS' LIEN—RUNNING ACCOUNT.—Evidence that materials were furnished from time to time for the construction of a railroad without specific agreement as to the amount to be furnished or the time within which they were to be furnished, and that there was during the time they were being furnished a reasonable expectation that more would be required for use in the construction of the railroad, was sufficient to sustain a finding that they were furnished under a running account, which constituted an entire demand. (Page 110.)

3. SAME—WHEN LIEN BEGINS TO RUN.—Where various items are furnished upon a running account, the last item thereof is the date from which the limitation as to the time of filing a mechanics' lien begins to run. (Page 111.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; affirmed.

*Ira D. Oglesby,* for appellant.

1. All the items are barred except the last item, as the materials were furnished under *separate* orders, in pursuance of a general agreement to sell such material as might be needed, and not under a single continuing contract. Phillips on Mech. Liens, § 325; 33 Mo. 31; 79 Ala. 156.

2. The defendant's requests 5 and 6 should have been given, as the suit was not commenced within one year.

*Robert A. Rowe,* for appellee; *Kineady & Kineady,* of counsel.

1. Every question was settled by 80 Ark. 399, except the amount of material furnished and used. The statute of limitations must be pleaded; if not, it is waived. 77 Ark. 379.

2. The questions are *res judicatae.* 44 Ark. 383; 55 *Id.* 170; 60 *Id.* 50; 63 *Id.* 141.

3. The jury settled the amount furnished, there was evidence to sustain the verdict, and this court will not disturb it. 25 Ark. 474; 31 *Id.* 163; 22 *Id.* 213; 23 *Id.* 131. There must be a total want of evidence to support it before it will be disturbed. 40 Ark. 144; 60 *Id.* 250; 36 *Id.* 260. The finding of a court setting as a jury is equally conclusive. 38 Ark. 139; 45 *Id.* 41; 50 *Id.* 305.

4. The statute only began to run from the last item furnished.

HART, J. The Moran Bolt & Nut Manufacturing Company brought suit in the circuit court of Sebastian County for the

Greenwood District to enforce a lien for materials furnished to Mike Kelley in the construction of the Midland Valley Railroad. On appeal this court held:

"The judgment in this case was correct in form in fixing a lien on all the property of appellant railroad in the State of Arkansas, but it was erroneous in allowing that lien to be made up of material furnished and used in the construction of appellant's road in the Indian Territory." *Midland Valley Rd. Co.* v. *Moran Bolt & Nut Mfg. Co.,* 80 Ark. 399.

Upon a new trial of the cause, the circuit court sitting as a jury found that $1,794.21 for the material furnished by plaintiff entered into the construction of the road in the State of Arkansas; that $913.35 had been paid upon the same, leaving a balance of $880.86, for which plaintiff was entitled to a lien on defendant's road; and from that judgment this appeal is taken.

It is earnestly insisted by counsel for the defendant that the testimony shows that materials of the value of $1,517.58 and no more were used in the construction of defendant's railroad in the State of Arkansas; and that, after deducting the credits of $913.35, the judgment of the court should have been for $604.23 instead of $880.86.

It has always been the settled rule in this State that the findings of the circuit court sitting as a jury are equally as conclusive in this court as the verdict of a jury. The rule has been recognized and followed so often as to render a citation of authorities unnecessary.

Mike Kelley, the sub-contractor, in his testimony says that all the shipments of material consigned to him at Montreal, Arkansas, were used in the construction of the road in the State of Arkansas. He undertakes to give the date and amount of each shipment, and in the aggregate they amount to $1,794.21. While his testimony is considerably weakened by cross-examination, and is contradicted by that of the engineer for the railroad company, who made an estimate of the amount that was so used, we cannot say that there was no evidence to support the finding of the court.

Counsel for appellant also urges that the court erred in not sustaining its plea of the statute of limitations. He contends that

each order was a separate contract, and that the lien accrued as each separate order was furnished.

In the case of the *Kiser Lumber Co.* v. *Mosely,* 56 Ark., p. 547, in discussing the time in which the lien should be filed in cases where there was no specific agreement as to the amount to be furnished or the time within which they were to be furnished, and where there was reasonable expectation that further material would be required, the court said: "In such a case, if the materials were furnished at short intervals, and were appropriate to the condition and progress of the building, a presumption would arise that it was understood from the beginning that the 'material man was to furnish the same' for the construction of the building as the same should be required; and the account therefor should be considered as one continuous account and one demand; and the last item thereof would be 'the date from which the limitations of the time of filing should be taken.' "

We think the evidence in this case was sufficient to bring the case within the principles there announced. There was a continuous dealing under the contract. The materials were furnished from time to time on bank account. There was, during the entire time that the materials were being furnished, a reasonable expectation that more would be required for use in the construction of the railroad, and that the plaintiff would be called upon to furnish the same. Hence the court was warranted in finding that the various orders for materials constituted a running account, and was therefore one entire demand, which accrued only when the last item was furnished. Phillips on Mechanics' Liens (3d Ed.), § 325; Jones on Liens (2d Ed.), vol. 2, § § 1435 and 1436, and cases cited.

Finding no prejudicial error in the record, the judgment will be affirmed.