CONWAY LUMBER COMPANY *v.* HARDIN.

Opinion delivered May 31, 1915.

1. MECHANIC'S LIENS—NOTICE—COMPLIANCE WITH STATUTE—WAIVER.—There must be a substantial compliance with the statutes regarding the filing of mechanic's and material man's liens, unless the owner has, by contract or waiver, or in some manner by his conduct, estopped himself from insisting upon such compliance.

2. MECHANIC'S LIENS—STATUTE—SUBSTANTIAL COMPLIANCE.—A mechanic's lien can be obtained only upon a substantial compliance with the provisions of the act granting the right. Kirby's Digest, Chap. 101.

3. MECHANIC'S LIENS—COMPLIANCE WITH STATUTE.—When resort is had to a court of equity to have a mechanic's lien, as provided by the statute, declared and enforced, such court must see that the statutory requirements have been substantially fulfilled as prerequisites to the relief sought.

Appeal from Faulkner Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*R. W. Robins,* for appellant.

1.   Where no rights of a third person are involved, it is not necessary for a material man to file his affidavit for a lien punctually within the ninety days allowed by law.   30 Ark. 568; 51 *Id.* 203; 49 *Id.* 475; 21 *Id.* 192; Kirby's Digest, § § 4976, 4981.

2.   The appellee is estopped by her agreement to execute a mortgage.   20 A. & E. Enc. L. (2 ed.) 386; 77 Ark. 590.

*J. C. Clark,* for appellee.

1.   The statute must be complied with or there is no lien.   Kirby's Dig., § 4941; 30 Ark. 568; 49 *Id.* 475; 51 *Id.* 302; 32 *Id.* 59; 56 *Id.* 547; 91 *Id.* 108; 107 *Id.* 245.

2.   The chancellor found that appellee did not agree to execute a mortgage, and did nothing to mislead appellant or hinder it from filing its claim.   There is no estoppel.

WOOD, J.   This suit was instituted by the appellants against the appellee to have a lien declared and enforced in favor of appellants for certain materials furnished by them which were used by a contractor employed by the appellee in repairing a dwelling house on certain lots belonging to appellee, and on which appellants seek to fix a lien.

The material was furnished on a running account, the first item being entered on the books of appellants June 11, 1912, and the last item, August 8, 1912.

On December 21, 1912, appellants served notice on the appellee that they would file their lien on January 1, 1913.   And appellants did on January 1, 1913, file their claim for a lien.   On February 6, 1913, appellants instituted this suit.

They allege, as a reason for not filing a lien before the expiration of the time required by the statute, the following:

That finally, ten days before the time for filing the lien expired, the plaintiffs demanded the payment of said account and informed the said defendant that unless said

account was paid, they would file lien therefor as provided by law; that thereupon defendant did promise and agree that if plaintiff would not file a lien she would execute a mortgage to plaintiffs on said property to secure the amount due them on said account; that, relying solely upon the terms of said agreement, they did not file their lien at that time, etc." Appellee denied these allegations.

The above allegation of appellants' complaint, denied by the appellee, raised purely an issue of fact which was whether or not the failure of appellants to file their account with the clerk of the circuit court within ninety days, in compliance with the statute, (Sec. 4981 of Kirby's Digest), was caused by an oral agreement on the part of the appellee with appellants, entered into before the ninety days had expired, to the effect that she would execute a mortgage to the appellants on the property providing appellants did not file their claim for a lien.

The evidence on this issue is substantially as follows: A. A. Halter, a member of appellants' firm, who conducted the alleged negotiations with the appellee, testified that he had several conversations with Mrs. Hardin in regard to the giving of the mortgage, one of which occurred at her home. At least two of these conversations were over the telephone; and the last conversation he had with her, which was at about the noon hour of the last day for giving the notice, he called her over the 'phone from his office to her residence and asked her what she was going to do about the matter. She told him she would accept their proposition. He repeated her answer, and she again told him that she would accept it; that the proposition was for her to give the appellants either a first or second mortgage on the property. He stated that they did not file their lien for this reason.

J. H. Imboden, who was a member of appellants' firm, testified that he heard Mr. Halter talking to Mrs. Hardin over the 'phone and that Mr. Halter used the words: "You will accept our proposition then?" and that Mr. Halter turned around and told him that Mrs. Hardin had accepted their proposition.

On the other hand appellee testified that she did not tell Mr. Halter that she would give him a mortgage. She only told him that she would have to have more time to be advised. She understood from Mr. Halter that the time for giving notice would expire on Thursday, and she called him up over the 'phone on Wednesday before and told him to file his lien and protect himself.

Two witnesses, who were boarders at appellant's, testified that they heard appellee tell someone over the 'phone, whom she called Halter, "to go ahead and file his lien."

It thus appears that there is a sharp conflict in the evidence on the above issue of fact, and we are unable to say that a finding to the effect that the appellee did not promise to execute a mortgage on the property in consideration that the appellants would forego their right to file a lien on the property in controversy is clearly against the preponderance of the evidence.

The testimony of Halter, to the effect that the appellee said to him over the 'phone that she would accept his proposition, is not corroborated by the testimony of Imboden, because Imboden only testified that he heard Halter say that appellee had accepted his proposition. This was but hearsay testimony. The testimony of the appellee, to the effect that she called a person by the name of Halter over the 'phone on Wednesday preceding the day when the time for filing the notice of lien had expired, and told him to go ahead and file his lien, is corroborated by the testimony of Brooks, and also by the testimony of Foreman. These witnesses testified that they heard appellee call Mr. Halter, and that in this conversation she told the one to whom she was talking "to go ahead and file his lien." These witnesses were disinterested, and even if it could be said that the testimony on this issue of fact was evenly balanced between Halter and appellee, the burden of proof being upon the appellants, they would fail, and certainly a finding as above stated is not clearly against the preponderance of the testimony.

(1)    The next question is purely one of law, towit: whether or not it is necessary as between the owner of property and a material man for the latter, in order to obtain a lien for materials furnished, to give ten days' notice "and file a just and true account, verified by affidavit, with the clerk of the circuit court of the county in which the building is situated on which a lien is sought to be fixed," as required by Sections 4976 and 4981 of Kirby's Digest. There must, according to our previous decisions, be a substantial compliance with this statute unless the owner has, by contract or by waiver, or in some manner by his conduct, estopped himself from insisting on such compliance. In the cases relied on by the appellants, towit: *Murray* v. *Rapley,* 30 Ark. 568; *Anderson* v. *Seamans,* 49 Ark. 475; *Buckley* v. *Taylor,* 51 Ark. 302, it will be observed that there was neither a waiver on the part of the owner of compliance with the statute on the part of the lien claimant or else the facts disclosed were held to be a substantial compliance with the statute.

(2)    Under the express terms of the act the material furnisher, etc., can only acquire a lien "upon complying with the provisions of this act," etc. Kirby's Digest, Mechanics Lien, chapter 101, section 4970.

Section 4976, (Kirby's Digest) recites, "Any person * * * who may wish to avail himself of the benefit of this act shall give ten days' notice," etc. And, again, section 4981 recites, "It shall be the duty of every person who wishes to avail himself of this act to file with the clerk," etc.

The above language indicates clearly that there can be no lien under our mechanics lien law in favor of the persons therein named except upon some substantial compliance with the provisions of the statute. It is true that the furnishing of the material gives the right under the statute to have the lien declared on the building in which the materials are used, but in order to perfect and enforce such lien it is necessary that the party who has the right to such lien shall proceed in the manner also prescribed by the statute to have same enforced.

(3)    While a literal compliance is not essential, as shown by the cases upon which appellants rely, a substantial compliance is a prerequisite according to these and all other cases where the subject is considered. *Kizer v. Mosely,* 56 Ark. 544. See also, *Midland Valley Rd. Co. v. Moran B. & N. Mfg. Co.,* 91 Ark. 108; *Marianna Hotel Co. v. Livermore, F. & M. Co.,* 107 Ark. 245. All the above cases show that there must be substantial observance of the statutory requirements in order to perfect the lien.

Where resort is had to a court of equity to have the lien provided by the statute declared and enforced, such court must see that the statutory requirements have been substantially fulfilled as prerequisites to the relief sought.

It follows that the decree of the chancery court is in all things correct, and it is affirmed.