SCOTT *v.* LeGRANDE.

5-864 287 S. W. 2d 456

Opinion delivered February 27, 1956.

*Etheridge & Sawyer,* for appellant.

*Ovid T. Switzer* and *W. P. Switzer,* for appellee.

LEE SEAMSTER, Chief Justice. This is an appeal from a judgment of the Ashley Circuit Court dismissing the appellant's action to have a materialmen's lien declared on the property of appellees.

The appellant contends that the notice mailed to the appellees is a substantial compliance with Sec. 51-608, Ark. Stats. 1947.

The notice was sent by registered mail and reads as follows:

"Mr. and Mrs. Willis LeGrande
500 N. Arkansas St.
Crossett, Arkansas
Dear Mr. and Mrs. LeGrande:

"This is to notify you that within ten days after you receive this notice, we will file lien on your property located at 500 N. Arkansas in Crossett, Ark., for materials bought and put in this property.

"Unless provisions are made within this time to satisfy the indebtedness.

"Signed: VICTOR SCOTT
Triangle Bldrs. Supply"

The notice is defective because it does not set forth in the notice the amount claimed and from whom the same is due. The notice was not served in person by anyone authorized to serve such notice as required by the above cited section of law.

This court has held that the materialmen's lien statute is in derogation of the common law and that anyone seeking its benefits must show a substantial compliance with the statute. *Doke, Admr.* v. *Benton County Lumber*

*Co.,* 114 Ark. 1, 169 S. W. 327; *Conway Lumber Company* v. *Hardin,* 119 Ark. 43, 177 S. W. 408.

The mailing of the notice by registered mail to the appellees is an insufficient compliance with this statute. The Supreme Court of Illinois, under a statute similar to ours, in the case of *Sykes Steel Roofing Company* v. *Bernstein,* 156 Ill. App. 500, held as follows:

"The notice of the subcontractor's claim required by the statute to be served upon the owner was sent to Bernstein & Wolf, such owners, through the United States mail by registered letter. Such method of service of such notice is not a compliance with the statute and was abortive as a foundation on which to rest the right given by the statute to a recovery against the owners. The statute requires the service of such notice to be personal, and in this regard the statute being in derogation of the common law, a substantial fulfillment of its conditions cannot be dispensed with nor a recovery sustained when it appears a material requirement of the statute has not been pursued."

We think the holding in the above case is the correct statement of the law applicable to the facts in this case under the above statute. Finding no error in the trial court's judgment, the case is affirmed.