JOHN DIX *v.* CLEDA OLDS, ET AL

5-4209                                          415 S. W. 2d 567

Opinion delivered June 5, 1967

*M. V. Moody*, for appellant.

*Lookadoo, Gooch & Lookadoo,* for appellee.

J. FRED JONES, Justice. This is an appeal from a decree of the Garland County Chancery Court wherein John Dix was awarded a money judgment against Louis E. Dodd, Irene Dodd and Paul G. Goodwin for $1,395.25 balance due on a street or roadway surfacing contract, but which denied a materialmen's and laborer's lien on

the land. Dix has appealed from that portion of the decree denying the lien.

On January 23, 1959, Lessie Plemmons conveyed the land involved to Goodwin and wife by warranty deed with lien retained to secure the balance of purchase price in the amount of $20,000.00. On May 22, 1961, Plemmons assigned the note and lien to Donnelly, and on July 7, 1966, Donnelly sold and assigned the note and mortgage to Cleda Olds.

On July 7, 1961, the Goodwins sold the property to Dodd, reserving in the deed of conveyance a vendor's lien to secure the balance of purchase price in the amount of $40,000.00, and in October 1961, Dodd platted the property into lots and blocks to be known as "Wooded Hills Subdivision" and executed and filed a bill of assurance in connection therewith. The bill of assurance, or a part of it, is of record in this case, it refers to a plat and survey as being attached and made a part of the bill of assurance, but the plat and survey is not in the record before us.

On or about April 30, 1962, Dix entered into a contract with Dodd and his wife through their agent, Goodwin, under which Dix agreed to furnish materials and labor in black topping streets and roadways in the subdivision. This contract apparently was an oral contract and upon completion of the work, Dix was paid a part of the amount due under the contract leaving a balance of $1,395.25.

Dix filed his suit in Chancery Court against the Dodds and Goodwin asserting the balance of indebtedness due and a lien on all the lands, premises, and improvements described in the bill of assurance, and Dix prayed judgment for the balance due on his contract and for a foreclosure of the lien claimed.

The Dodds and Goodwin filed answer admitting that they contracted with Dix for an asphalt surface on a

certain road in the subdivision, and alleging that Dix had breached the contract as to quality of asphalt to be used. They counter claimed for cancellation of the contract and damages for breach and denied all other allegations of the complaint.

With the issues thus joined between the parties here, the matter apparently lay dormant on the Chancery Court docket for a period of four years. In the meantime numerous other suits, counter claims, and cross complaints, by intervention and otherwise, were filed in connection with the property involved, including a petition to foreclose the original purchase mortgage lien held by Cleda Olds. A pretrial conference was held on February 15, 1966, and all the causes of action were consolidated.

A decree was entered on July 14, 1966, reciting that all parties were present in person or by attorneys; that the cause was submitted on the petition and on the record and the argument of counsel, and the chancellor found that a lien should be denied to Dix, but that he was entitled to judgment for $1,395.25 and a decree and judgment was entered accordingly against Louis E. Dodd, Irene Dodd and Paul G. Goodwin.

Dix has appealed and relies on two points as follows:

"I. The lower court erred in refusing the award to the plaintiff, John Dix, a laborer's and materialman's lien on the property described in appellant's statement, for labor and material furnished by him and used in constructing, laying, surfacing and pouring of asphalt on the streets, roads and roadway between the 30th day of April, 1962 and the 22nd day of October, 1962, prior and superior to all other liens and claims against the said described properties.

"II. The within cause is not fully developed and the appellant should be granted a lien and the

properties determined among all the claimants."

The record indicates that this case was submitted to the chancellor on the petition and on the record and on the argument of counsel. There is no testimony or other evidence in the record pertaining to the contract between the appellant and appellees as to the balance due on the contract, and no evidence as to the alleged breach of the contract and damages claimed by the appellees. A contract for the surfacing of a road in the subdivision is admitted by appellees, and appellees have not appealed from that portion of the decree awarding a money judgment against them for the balance claimed by appellant, and from the record before us we are unable to say that the issues before the chancellor as between the parties here, were not fully developed.

The complaint alleges labor performed and materials furnished in the surfacing of streets and roadways in the subdivision and claims a lien on all the lots and blocks in the entire subdivision. The answer admits a contract for the surfacing of one roadway in the subdivision. The record contains no evidence of what lots or blocks abut on the streets where the labor was performed and materials furnished and there is no evidence in the record as to what portion, if any, of the subdivision was improved.

Apparently the lien claimed by appellant in this case was under our general Mechanics' and Materialmen's Liens statute, Ark. Stat. Ann. § 51-601 (1947), providing as follows:

"Every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work, or furnish any material, fixtures, engine, boiler or machinery for any building, erection, *improvement upon land,* or upon any boat or vessel of any kind, or for repairing same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of this act

[§§ 51-601, 51-604—51-626,] *shall have for his work or labor done, or materials,* fixtures, engine, boiler or machinery *furnished a lien upon such* building, erection or *improvement, and upon the land belonging to such owner* or proprietor *on which the same are situated, to the extent of one acre; or if such* building, erection or *improvement be upon any lot of land in any town, city or village then such lien shall be upon such* building, erection or *improvements, and the lots or land upon which the same are situated*; or if such erection or improvement be upon any boat or vessel, then upon such boat or vessel, to secure the payment of such work or labor done, or materials, fixtures, engine, boiler or machinery furnished as aforesaid. Any original or principal contractor or his assignee who shall be paid the contract price or any portion thereof, and who shall fail or refuse to discharge the liens created by this section, to the extent of the contract price received by him, shall be deemed guilty of an offense and punishable as follows:'' (Emphasis supplied).

The Materialmen's Lien Law is in derogation of the common law and must be strictly construed. *Scott* v. *LeGrande,* 225 Ark. 1022, 287 S.W. 2d 456.

It is true, as pointed out by appellant, this court in the case of *Leiper* v. *Minnig,* 74 Ark. 510, 86 S. W. 407, held that a labor and material bill for the construction of a sidewalk, over which the public had an easement, across the front of three privately owned lots was secured by the statutory lien properly perfected. We can find no instance, and appellant has cited none, where this court has ever extended the application of this lien statute to bills for labor and materials used in improvements made on public streets. Even in the sidewalk cases the lien only applies to the lot on which the sidewalk is located and this court has never held, and insofar as we have been able to determine no other court has ever held, that a statutory lien for im-

provement in building a sidewalk on a city lot attaches to all the lots and blocks in an entire addition or subdivision.

We conclude that if the legislature had intended to create a statutory lien on *all land* that may be improved by labor and materials, it would have separated the improvement from the land subject to lien, and would have said "improvement *to* land" instead of "improvement upon land," and would have extended the lien to the land so improved rather than confine it to the land "upon which the same are situated."

Although the record before us reveals no testimony, the decree recites that all the parties were present in person or by attorneys and that said cause was "submitted to the court on said petition and on the record in this cause and the argument of counsel," so we are unable to say that the decree is against the preponderance of the evidence.

The decree of the chancellor is affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the result in this case because the lien claimant failed to make any proof as to the location of the roadways, streets, etc., built by him. The burden of showing on which property he was entitled to a lien was on him. If there had been any evidence on which to base the same, I would hold that appellant was entitled to a lien upon the rights of the owner in the streets and roadways, subject, of course, to the public easement, and on the lots abutting the same, still owned by appellees at the time of the making of the improvement, on the authority of *Leiper* v. *Minnig,* 74 Ark. 510, 86 S. W. 407.

The interest which the public acquires by dedication of land for a highway or street is merely an easement

or right of passage over the soil, the original owner still retaining the fee and all rights of property not inconsistent with the public use. *Taylor* v. *Armstrong,* 24 Ark. 102; *Lincoln* v. *McGehee Hotel Co.,* 181 Ark. 1117, 29 S. W. 2d 668. When the streets are vacated or abandoned, they revert to the abutting owner. *Town of Hoxie* v. *Gibson,* 150 Ark. 432, 234 S.W. 490. The statute providing for mechanic's and materialmen's liens is remedial in nature and must be liberally construed in favor of the lien claimant. *White* v. *Chaffin,* 32 Ark. 59; *Buckley* v. *Taylor,* 51 Ark. 302, 11 S. W. 281; *Wildwood Amusement Co.* v. *Stout Lbr. Co.,* 178 Ark. 977, 12 S. W. 2d 911; *Brown* v. *Turnage Hardware Co.,* 181 Ark. 606, 26 S.W. 2d 1114; *Geisreiter* v. *Standard Lbr. Co.,* 187 Ark. 893, 63 S.W. 2d 347; *Rea* v. *Lammers,* 212 Ark. 792, 207 S.W. 2d 740; *United States* v. *Westmoreland Manganese Corp.,* 134 F. Supp. 898.