MARION BOBO *v.* G. C. SEBREE ET AL

5-4574                                                    429 S. W. 2d 95

Opinion delivered May 21, 1968
[Rehearing denied July 15, 1968.]

*Ross & Ross,* for appellant.

*Reinberger, Eilbott, Smith & Staten,* for appellees.

PAUL WARD, Justice. This is an appeal by Marion Bobo (appellant) from a chancery decree denying him a lien for material and labor under the provisions of Ark. Stat. Ann. §§ 50-601 et seq. (1947). The factual situation out of which this litigation arises, and about which there is no dispute, is summarized below.

FACTS. In February, 1966 Mr. G. C. Sebree, his wife and her mother (appellees) contracted with A. F. Kelley to construct a dwelling on a parcel of land owned by them and located in Spring Lake Addition south of Pine Bluff. To finance the project, appellees borrowed $20,414 from a savings and loan association. Appellant, as a subcontractor, furnished and installed 178 yards of carpeting in the dwelling for which he charged $1,613.15.

Before construction was completed Kelley encountered financial difficulties which caused certain materialmen to file a suit on November 4, 1966 to perfect liens on the property. On December 9, 1966 appellant filed an Intervention which contained, in substance, the following allegations:

(a) On July 25, 1966 he sold to appellees and Kelley the carpeting as stated above.

(b) The carpeting was used in the dwelling on appellees' property (described in detail).

(c) On October 5, 1966 notice was given to appellees that a lien would be filed against the property on or after October 15, 1966.

(d) On October 20, 1966 said lien was filed in the office of the Circuit Clerk in Jefferson County.

(e) Appellees are indebted to him in the amount of $1,613.15 which is a first lien on said property.

The prayer was for judgment and a lien.

Appellees, in answer to above Intervention, stated that appellant had not substantially complied with the statutory requirements for perfecting his lien.

After a hearing, based on testimony and exhibits, the trial court, in a written statement, found: "In view of the fact that the materialmen's lien law is in derogation of the common law, it must be strictly construed. See *Dix* v. *Olds,* 242 Ark. 850, 415 S. W. 2d 567." Accordingly the court held that appellant was entitled to a judgment against Kelley for the amount prayed, but that such judgment did not constitute a lien on the property of appellees. The reason given by the court for said holding was that the Notice "did not state from whom the same (the amount) is due."

On appeal appellant contends that the trial court erred in holding that the "Notice of claim" did not substantially comply with Ark. Stat. Ann. § 51-608 (1947). For reasons hereafter stated, we agree with appellant.

Section 51-608, in all parts material here, reads:

"Every person, except the original contractor, who may wish to avail himself of the benefit of the provisions of this act . . . shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due."

We now examine the "Notice" to determine if it did in fact constitute a compliance with the above statute. We are here concerned with only two items; (a) the amount due appellant and (b) who owed the amount to appellant. The Notice began with "Marion Bobo . . . claimant and sub-contractor" and was direct to appellees (naming them) as property owners, and to A. F.

Kelley as the contractor, and was, in form and substance, as follows:

Notice is hereby given: that appellant has a claim against the following property (describing appellees' property) to secure the amount of $1,613.15 for furnishing and installing said carpeting.

The Notice was signed by appellant's attorney.

Item (a), the amount claimed, presents no problem since the trial court, in the written opinion, specifically found that the Notice "stated the amount of the claim".

(b) In considering the issue here presented, we should first determine whether the lien section involved must be *strictly* construed or whether it should be *liberally* construed. It is our conclusion that, in this case, the section should be liberally construed to effect its purpose.

There are many decisions by this Court wherein it was stated that the lien statute should be *strictly* construed and there are many decisions where we said it should be *liberally* construed. Among the first classifications are: *Flournoy* v. *Shelton & Co., et al,* 43 Ark. 168; *Van Etten* v. *Cook,* 54 Ark. 522, 16 S. W. 477; *St. Louis Iron Mountain & Southern Ry. Co.* v. *Love,* 74 Ark. 528, 86 S. W. 395, and the recent case of *Dix* v. *Olds,* 242 Ark. 850, 415 S. W. 2d 567 relied on, apparently, by the trial court. Among the cases which applied to the *liberal* construction rule or hold a *substantial* compliance with the statute is sufficient, are: *Anderson* v. *Seamans,* 49 Ark. 475, 5 S. W. 799; *Buckley* v. *Taylor,* 51 Ark. 302, 11 S. W. 281; *Speer Hardware Co.* v. *Bruce,* 105 Ark. 146, 150 S. W. 403; *Bruce Brown* v. *Turnage Hardware, Inc.,* 181 Ark. 606, 26 S. W. 2d 1114; and, *Geisreiter* v. *Standard Lbr. Co.,* 187 Ark. 893, 63 S. W. 2d 347.

The above apparent conflicts, in the decisions are not as real as they appear. Briefly stated, it appears from the noted opinions, that the *strict* construction applies where there is a doubt as to whether the subject matter comes within the purview of the statute. For example, in the *Dix* case, supra, the claimant sought a "lien on all the lands . . . and improvements described in the bill of assurance" for work performed "on a street or roadway surfacing contract". There we properly applied the *strict construction* rule, and denied the lien. This Rule is very well stated in 18 R. C. L., at page 879, in these words ". . . . though a mechanic's lien is said to be a favorite of the law, a statute cannot be so extended as to be applied to cases which do not fall within its provisions."

In the case under consideration here we do not have a situation like that in the *Dix* case. Here, no one questions the facts; that appellant furnished appellees' home with carpeting: that it cost $1,613.15; that appellees knew he furnished it; that he filed his Notice in due time, and; that the Notice appraised appellees of all these facts, and they were in no way misled.

Applying the rule of *liberal* construction and substantial compliance, we conclude the case must be, and it is hereby, reversed.

HARRIS, C. J., not participating.

FOGLEMAN & BYRD, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I disagree with the majority because I do not feel that the notice to the property owners was in substantial compliance with the lien statutes. The deficiency was in the failure to state from whom the amount claimed was due. The notice was directed to both the owners and the contractor. There is no language from which the recipient of this notice could ascertain whether appellant contended

that the amount was due from the owners or the contractor. This is important because, in addition to a lien on the property, appellant was entitled to personal judgment against one or the other, but not both. If the amount was alleged to be due from the contractor, then the owners could call upon him and the sureties on any performance bond to protect their property from the lien. It would have been necessary for them to have proceeded promptly in this regard in order to hold a surety. The stage of construction at the time of the notice is not apparent, nor is there any indication whether final settlement between the owners and general contractor had been made. If it had not, but was imminent, then it was necessary for the owners to be clearly advised as to whom the liability was asserted against in order to adequately protect themselves in these dealings.

The contention of appellant in the trial court was based entirely on an alleged contract with the owners, not the general contractor. Now he asserts that his notice was sufficient to advise the owners that he was claiming that the amount was due from the contractor, the trial court having held that the contract was with the contractor, not the owners. Thus, he has pointed up the significance of the statutory requirement that the notice state from whom the amount is claimed to be due.

I agree with the majority in the distinction made as to strict and liberal construction of these lien statutes, but I fear its absorption in this salutary effort has obscured the real issue in this case. While the majority opinion states that the notice apprised the owners of certain facts, it is nowhere pointed out how the owners were advised from whom the amount was due. The majority opinion has, in effect, wiped the words "and from whom the same is due" from the statute—a prerogative which is not ours. In *Scott* v. *LeGrande*, 225 Ark. 1022, 287 S. W. 2d 456, this court said that a notice was defective because it did not set forth *in the notice* "the amount claimed and from whom the same is due." This

is a rule of property which should not be departed from so effortlessly.

I therefore respectfully dissent. I would affirm the decree of the lower court.

I am authorized to state that Byrd, J., joins in this dissent.