### E. O. BARNETT BROTHERS *v.* WRIGHT.

Opinion delivered January 17, 1916.

MECHANIC'S LIENS—FORECLOSURE—FAILURE TO PROVE SET-OFF.—In a foreclosure of a mechanic's lien, defendant will not be allowed a set-off which he alleged but failed to prove, he having admitted the debt.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

The appellants *pro se; Oscar Barnett,* attorney.

Appellee is estopped from denying the amount and validity of this debt. He acknowledged owing $57.50.

*E. H. Vance, Jr.,* for appellee.

The description of the land is indefinite and uncertain as set forth in the affidavit; nor is it stated when the work was completed. A mechanic's lien is personal and not assignable. Kirby's Dig., § 4981; 114 Ark. 1; 9 A. & E. 73; 87 N. E. 79. The lien is personal. 127 N. Y. 110; 4 Ore. 89; 20 S. W. 16. Plaintiff must allege performance of *all acts* necessary to sustain a mechanic's lien. 30 Ark. 682; 41 *Id.* 42; 21 S. W. 811; 12 *Id.* 177; 102 Ark. 539.

*Oscar Barnett,* in reply.

HART, J. Appellant instituted this action in the circuit court to enforce a mechanic's lien for the price of labor performed by one John Alexander in the construction of a house for appellee. This is the second appeal in the case. The opinion on the former appeal is the law of the case and reference is made to it for a more detailed statement of the issues. See *Barnett Bros.* v. *Wright,* 116 Ark. 44, 172 S. W. 254.

All the questions raised by the present appeal except as to the amount for which judgment should have been rendered were settled on the former appeal and need not again be discussed. After the case was remanded to the circuit court the appellee offered to confess judgment in favor of appellants for $46 but denied that he owed them any greater sum. No proof was introduced by him to sustain his contention. Appellants introduced a statement in writing made by appellee in which he admitted he owed appellants a balance of $57.50. Appellee in his answer admits that he executed this instrument but states that the laborer failed to fully perform his contract and that he completed the work for the laborer at a cost of '$11.50, and, therefore, asked that this amount be deducted from the $57.50 and offers to confess judgment in favor of appellants in the sum of $46.

It was incumbent upon him to prove the allegations of his answer. Not having done so, the court erred in

rendering judgment against him only for the amount he offered to confess judgment for, viz., $46. The court should have rendered judgment against him for the sum of $57.50, the amount appellee admitted in the written statement he owed appellants.

For this error the judgment will be reversed and the cause remanded for a new trial.