WRIGHT *v.* E. O. BARNETT BROTHERS.

Opinion delivered May 7, 1917.

1.    APPEAL AND ERROR—FAILURE OF CIRCUIT JUDGE TO SIGN BILL OF EXCEPTIONS—REMEDY.—When a circuit judge fails or refuses to sign and return a bill of exceptions to counsel, until after the expiration of the period for signing it, this court may by mandamus, compel him to sign it, and it will then be treated as having been signed in time.

2.  APPEAL AND ERROR—FAILURE OF CIRCUIT JUDGE TO SIGN BILL OF
    EXCEPTIONS IN TIME—NEGLECT OF COUNSEL.—The above rule will
    not be applied where counsel is negligent in failing to request the
    circuit judge to sign the bill of exceptions until after the expiration of
    the time fixed for filing the same.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

*E. H. Vance, Jr.,* for appellant.

1.  The bill of exceptions was presented to the judge within the sixty days to be signed. It was the fault of appellee's attorneys and the oversight of the judge that it was not signed and filed in time. 96 Ark. 316; 110 *Id.* 300.

2.  Argues the merits of the cause but the court does not pass on them.

*Oscar Barnett,* for appellee.

1.  The bill of exceptions was not filed within the time given, sixty days, nor was it signed in time. 129 S. W. 796; 97 *Id.* 443; 131 *Id.* 694; 53 Ark. 415; 58 *Id.* 110.

2.  The judgment is right and according to that directed in 172 S. W. 254 and 182 *Id.* 511. See also 119 S. W. 653; 155 *Id.* 126; 153 *Id.* 595; 160 *Id.* 851; 90 Ark. 609; 107 *Id.* 310; 106 *Id.* 442; 113 S. W. 793.

3.  The attorney for appellee was not at fault. It was appellant's own negligence. 96 Ark. 316; 110 *Id.* 300; 131 S. W. 694.

HART, J. Appellees instituted this action in the circuit court to enforce a mechanic's lien for labor performed by John Alexander in the construction of a house for appellant. Appellant signed a written statement in which he admitted he owed John Alexander the sum of $57.50 for labor performed. Appellant answered admitting the execution of the instrument but states that Alexander failed to perform his contract and that he had to expend the sum of $11.50 in doing so.

On the former appeal we held that the burden was on appellant to prove the allegations of his answer and reversed the judgment because he had not introduced any

proof to establish the facts alleged therein. See *E. O. Barnett Bros.* v. *Wright,* 129 Ark. 170, 182 S. W. 511. On a retrial of the case, the court directed a verdict for appellees, and the case is again here on appeal. The judgment was rendered on July 22, 1916, and a motion for a new trial was filed on the same day. The motion for a new trial was overruled on July 24, 1916, and the defendant given sixty days within which to prepare and file his bill of exceptions.

The record shows that the bill of exceptions was signed by the circuit judge and filed with the circuit clerk on September 27, 1916. Thus it will be seen that the bill of exceptions was signed by the circuit judge and filed with the clerk after the sixty days had expired. As an excuse for the delay the record shows that the bill of exceptions was prepared and handed to the judge immediately after the trial and a carbon copy of it was given to counsel for the plaintiff. The circuit judge took the bill away with him to examine it and his recollection being that the defendant had been given ninety days within which to prepare and file it, he neglected to sign the bill of exceptions until after the sixty days had expired. It does not appear that counsel for the plaintiff had anything to do with this delay. The delay occurred merely because the circuit judge neglected to sign the bill of exceptions and this neglect arose from the fact that he believed he had given ninety days instead of sixty within which to prepare and file it.

(1-2) In the case of *Springfield* v. *Fulk,* 96 Ark. 316, the court held that where a party in good faith presents his bill of exceptions, which he has a reasonable expectation may be examined and signed by the judge, so that it may be filed within the time allowed, he is not prejudiced by the necessary delay taken by the judge for his own convenience or for the purpose of giving the bill of exceptions presented a thorough examination. In the later case of *Caughron* v. *State,* 99 Ark. 462, the court

held that when it appears that the circuit judge erroneously refused to grant time to prepare a bill of exceptions, the court can correct the error by granting time and compelling him, by mandamus, to sign a bill of exceptions which meets his approval. The court further said that the aggrieved party can not be made to suffer by an erroneous ruling of the court, and is entitled to a bill of exceptions when he has without fault proceeded with due diligence and within the terms of the statute. We reaffirm the salutary rule laid down in those cases but it does not apply to the facts of the present case. There was only one issue of fact to be tried before the jury and the bill of exceptions only required a short time for the judge to examine it. It was presented to the judge immediately after the trial of the case and counsel for the defendant was negligent in waiting until after the sixty days had expired before requesting the court to sign it. It is true counsel presented the bill of exceptions in open court on the day his motion for a new trial was overruled and requested the circuit judge to sign it. The court retained the bill of exceptions to look over it and ascertain that it was correct. When he failed to sign the bill of exceptions and return it to the counsel within a reasonable time, it was the duty of counsel to again request the court to sign the bill of exceptions and if the court had continued to refuse or neglect to sign it until after the period allowed for signing it had expired, under the rule announced above, this court by mandamus could have compelled him to have signed it and it would have been taken to have been signed within time. Counsel, however, were negligent in allowing the bill of exceptions to remain in the hands of the circuit judge for the whole of the sixty days without requesting him to sign it and for that reason are not entitled to any relief. The bill of exceptions not having been filed with the clerk within the time allowed, there is nothing presented to this court for review, and the judgment must be affirmed.