CUNNINGHAM v. J. S. KIMBRO LUMBER COMPANY.

Opinion delivered December 19, 1921.

MECHANICS' LIEN—TIME OF FILING LIEN.—Where the construction of a house according to the original plans and specifications was completed, a materialman's lien must have been filed within 90

days after the last item of materials was furnished, and the time of filing such lien is not extended by the fact that the owner subsequently purchased from the materialman materials for an additional improvement to the house.

Appeal from Pulaski Chancery Court; *J. E. Martineau,* Chancellor; reversed.

*Frank H. Dodge* and *Jno. W. Newman,* for appellants.

*Geo. F. Jones,* for appellee.

HUMPHREYS, J. This suit was instituted in the Pulaski Chancery Court by appellee against appellants to recover from J. C. Cunningham an alleged balance of $1,783.11 due by him upon account for materials furnished by appellee to construct a residence on lot 16, block 2, Pulaski Heights Addition to the City of Little Rock, and to enforce a materialman's lien claimed against said property for the amount prior and paramount to two mortgage liens, in the total sum of about $6,000, acquired by the Southern Trust Company after the materials aforesaid had been furnished.

Appellant J. C. Cunningham filed an answer denying the correctness of the account, alleging that it contained charges for extra materials not included in the original contract, and that he owed appellee a balance under the contract of $1,039, instead of the balance claimed by appellee; also alleged that appellee did not file its lien for materials furnished in the clerk's office within ninety days after the last item under the contract was furnished, and by such failure lost its right to a lien against the property.

The Southern Trust Company filed an answer denying the allegations of the complaint and setting up its mortgages as paramount to the materialman's lien claimed by appellee.

Ada Cunningham filed an answer denying the allegations of the complaint, and setting up that for a **valuable** consideration she purchased the property from J. C. Cuningham on August 26, 1920, free from the materialman's lien claimed by appellee.

The cause was submitted upon the pleadings and evidence, which resulted in a personal judgment against appellant, J. C. Cunningham, for $1,783.11 and a decree declaring a lien against the property for said sum paramount to the claims of the other appellants, from which an appeal has been duly prosecuted to this court.

Appellant J. C. Cunningham contends that the court erred in rendering a personal judgment against him in excess of $1,037. A careful analysis of the testimony has convinced us that every item charged in the account was received and used in the construction of the residence on the property in question. The books of appellee, the dray tickets, and the testimony of O. O. Wheelis, manager of appellee, and of the several contractors employed by appellant to construct the residence confirm this fact. The account contains items of extras totaling about $550, with which appellant, J. C. Cunningham, contends he should not be charged under his original contract or order for material. He bases this contention upon two letters written by appellee to him, the first being of date November 4th and the second of date December 6th, 1919. The first letter (omitting the address and signature) is as follows:

"We have entered your order for mill work as per our estimate No. 30, dated October 30, to be delivered to your contractor, Mr. Hardy, for the sum of $1,037. Terms of this will be statement of material delivered to be made every 15 days and collected."

The second is as follows:

"We are pleased to enter and confirm your order for lumber on our estimate No. 40, to be delivered to 519 Cedar Street for the sum of $1017.28, also twelve thousand lath for one hundred and forty-four dollars, or a total sum of $1761.28, as per our list and estimate No. 40, given your contractor, Mr. Hardy. We have started delivery of this and will make deliveries as material is called for by your contractor, Mr. Hardy, and will pre-

sent Mr. Hardy with bill of material delivered on contract every fifteen days for his O. K., and will then present same to you for payment.''

The letters did not contract to furnish the lumber according to plans and specifications, but to furnish a list of lumber attached to each of the letters for a certain sum of money.  Extras to be used in the construction of the house were not included in the lists of material. According to the letters, the lists were estimates of the amount of material necessary to complete the building. These letters cannot be regarded as a contract to furnish all materials necessary to complete the building according to plans and specifications for a specific sum. We think they show the contrary  on their face.  The finding of the court as to the amount· due by appellant, J. C. Cunningham, to appellee  was responsive to the great preponderance of the evidence.

Appellants' next and last contention is that the verified account for the materials was not filed in the circuit clerk's office within ninety days after the date upon which the last material was furnished, and because of such failure appellee lost its right to a lien against the property.  The lien was filed on the 28th day of August, 1920.

Appellants contend that the last material furnished to complete the contract was delivered on the 9th day of April, 1920, 147 days before the lien was filed.  Appellee contends that the last material furnished to complete the contract was delivered on the 2nd day of June, 1920. The building was begun in the fall of 1919 and material, therefor was ordered and delivered several times during each month down to and including the 9th day of April, 1920.  The first contractor, E. E. Hardy, only remained on the work a short time, due to labor complications. He was succeeded by Johnson & Dickerson, who turned it over to appellant as a completed job the latter part of March or early in April.  The house was placed by appellant in the hands of J. R. Connor to rent.  Connor

went to look at it, and testified that he thought it was completed at that time. His record shows that he rented it to N. A. Adler on the 14th day of May. N. A. Adler, who rented the property, requested appellant, J. C. Cunningham, to do some work on the floors, put some extra shelves in one or two closets and to fix a little space between the screens and windows. J. C. Cunningham employed L. T. Farmer and his son, W. E. Farmer, to do this work. They ordered material from appellee to the amount of $8.49 with which to do the work. This material was charged on appellee's books and delivered on June 1st and 2nd, 1920, on the premises and received by the Farmers. L. T. Farmer testified that he was the contractor who succeeded Johnson & Dickerson on the house, and that he went to work about the 1st of June, 1920; that he scraped and waxed some oak floors that had been previously laid, hung a back screen door, and put little strips between the screen and window sash, about three-quarters of an inch wide, to keep the flies out. He and his son testified that they ordered the material necessary to do this work from appellee at the instance of J. C. Cunningham. J. C. Cunningham testified that he directed them to use the material under the house in doing the work he directed them to do and did not authorize them to order the material from appellee, and did not know any material had been ordered from appellee until after this suit was instituted.

A complete statement of the account was presented to J. C. Cunningham on April 21, 1920, after the house had been turned over to him, and at the time it was occupied by a tenant. J. C. Cunningham disputed the extras in the account, contending that he only owed a balance of $1037. He claimed that balance was due and promised to pay it as soon as he could arrange to get the money. Appellee contended that he owed it for the extras included in the account, the amount of about $550, in addition to the amount admitted by said appellant.

The evidence of appellee tended to show that, while appellant disputed the account all the time, he kept putting them off from time to time, stating that he was trying to borrow money to pay them what he owed them; that his promise from time to time to borrow the money caused them to delay filing their lien.

The fact that Johnson & Dickerson turned the building over to appellant, J. C. Cunningham, as a completed job, that it was rented to and occupied by a tenant, that a complete account for all materials furnished was presented to appellant, J. C. Cunningham, by appellee on April 21, 1920, which became a matter of dispute between them, and that about two months had elapsed between the date of the last item on the main account and the entry of the items of June 1st and 2nd, has convinced us that the material furnished on June 1st and 2nd by appellee was not material covered by or included in the original contract. We do not think that the Farmers can be regarded as contractors in succession to construct or build the house. They were merely employed to do a little work about the screens to keep the flies out, and the material they purchased seems to have been for the purpose of filling in a space between the screen and the window sash, and hinges, hooks and eyes to hang a screen door. It nowhere appears that the work done by the Farmers was included in the original plans and specifications or embraced in the original contract for the construction of the building. The amount of material ordered by them was inconsequential.

We do not think the time for filing the lien was extended, under all the circumstances in this case, on account of the small items purchased on June 1 and 2, 1920. In our view, appellee lost its right to a lien against the property for the main account for failure to file its account in the circuit clerk's office within ninety days from the date of the last item furnished thereon, to wit, April 9, 1920. It follows that it was error for the trial court to declare a lien upon the property to pay the per-

sonal judgment rendered against J. C. Cunningham, ex-
cept to the amount of $8.49, for the items of materials
furnished on June 1st and 2nd, the lien having been filed
within ninety days from the date this material was
furnished and delivered.

The decree, in so far as personal judgment was ren-
dered against J. C. Cunningham, is affirmed; but, in so
far as a lien was declared against the property to pay
the same, the decree is reversed and remanded with
directions to the trial court to render a decree for a lien
against the property in favor of the appellee for $8.49
to cover the material purchased and delivered on June
1 and 2, 1920.