## EDDY *v.* LOYD.

### Opinion delivered May 10, 1909.

1. MECHANICS' LIENS—SUFFICIENCY OF DESCRIPTION.—An affidavit filed for the purpose of enforcing a mechanics' lien sufficiently describes the land upon which the lien is sought to be enforced. if it either identifies the land or furnishes the means of its identification. (Page 341.)

2. MECHANICS' LIENS—WAIVER BY ACCEPTING NOTE.—One who holds a lien upon a building for materials supplied for its erection will not be held to have waived such lien by accepting notes for the amount of such supplies, unless they were accepted in payment thereof. (Page 342.)

3. SAME—NOTICE—SUBSEQUENT PURCHASER.—Where it was alleged in a complaint seeking to enforce a material man's lien, and not denied in the answer, that the property for whose improvement the materials were furnished was sold and conveyed after the materials were furnished, the lienors were not required to give notice of their liens to the subsequent purchaser, except to join him in the action to enforce the liens. (Page 342.)

4. ADMINISTRATION—AFFIDAVIT TO CLAIM—SUFFICIENCY.—An affidavit to a claim against an estate which alleges that the account is "just and true" and that the amount named "is justly due after all just credits have been given" is a substantial compliance with Kirby's Digest, § 114, providing that such affidavit shall state "that nothing has been paid or delivered toward the demand except what is credited thereon, and that the sum demanded, naming it, is justly due." (Page 342.)

Appeal from Garland Circuit Court; *William H. Evans,* Judge; affirmed.

*A. J. Murphy* and *Rector & Sawyer,* for appellant.

1. The alleged lien is fatally defective for want of a particular description of the property sought to be charged. The description is no description at all—too indefinite.

2. Kirby's Dig., § 4976, was not complied with.

3. The claim was not properly verified.

4. The lien was waived by taking notes.

*C. Floyd Huff,* for appellee.

1. A note is only a promise to pay, not a payment. 63 Ark. 367.

2. The description is sufficient.

3. The Children's Home, or Association, was not a party to the contract, and the notice required by law was not given. Kirby's Digest, § 4976.

4. It was not necessary to present the account to the executor, as this was a proceeding to enforce a specific lien. Kirby's Digest, § 119; 32 Ark. 406.

McCULLOCH, C. J. The plaintiffs, J. R. Loyd and J. T. Jodd, as partners composing the firm of Loyd & Company, instituted this action in the circuit court of Garland County against Ida M. Eddy, as executrix of the estate of B. W. Eddy, deceased, and the Children's Home & Girls' Protective Association, a corporation, to recover judgment against the estate of said decedent for the price of building material furnished to him by plaintiffs in his lifetime and used in the construction of a building on a lot in the city of Hot Springs, and to enforce the statutory lien on said lot and building. The amount claimed is $1,272.75, and there is no controversy as to the amount of the claim. It is alleged in the complaint that, since said material was furnished by plaintiffs to said B. W. Eddy, he has sold said property to defendant Children's Home & Girls' Protective Association.

The defenses presented by the answer are that "plantiff has no right to bring this suit against her as executrix, for that said amount as presented has not been properly probated so as to be sued on, and said defendant denies that plaintiff had the lien on said property as alleged."

On the trial of the case the court rendered judgment against said estate for the full amount of the claim, and adjudged a lien on the lot described in the complaint.

The plaintiffs, before instituting this action, properly filed' their lien in the office of the circuit court clerk. It is contended, however, that the description of the property against which the

lien is asserted is too uncertain and renders the lien void and unenforcible. The property is described as follows:·

"The 2½ story frame building known as the Orphans' Home, situated upon a tract of land 300 feet long by 140 feet deep, and in the N. ½ of S. W. ¼ of sec. 3, twp. 3 south, range 19 west, of Garland County, Arkansas, and when plat is filed will be on corner of Pine Bluff and Boulevard streets, and lots 1, 2, 3, 4, 5 and 6 of block 1 of Pine Bluff Addition to the city of Hot Springs, Ark."

This is the description used in the deed to B. W. Eddy whereby he acquired title to the property, and also in the deed which he executed to the Children's Home & Girls' Protective Association. We conclude that the description was sufficiently definite, and that the asserted lien is not void on that account. It was sufficient to identify the property or to furnish the means of identification.

The next contention is that plaintiffs waived their lien by accepting from B. W. Eddy his promissory notes for the amount of the account for suplies. There was no evidence that plaintiffs accepted the notes in payment of the account. Therefore they could be treated at most as only conditional payment, and constituted no waiver of the lien. *Meek* v. *Parker*, 63 Ark. 367.

It is alleged in the complaint, and not denied in the answer, that B. W. Eddy sold and conveyed the property to the Children's Home & Girls' Protective Association after the building material was furnished. The deed introduced in evidence bears a date during the time the material was being furnished, but it was not filed for record until after the commencement of this action, and there is no proof as to the time of delivery. Under the undenied allegations of the complaint, we must assume that the deed was not delivered, and that the sale did not take place until after the material was furnished. Therefore, the lienors were not required to give notice to a subsequent purchaser except to join it in the action to enforce the lien.

It is next contended that the court, for the alleged reason that the affidavit to plaintiff's claim did not conform to the statute (Kirby's Dig., § 114) with reference to authentication of claims against estates of deceased persons, erred in rendering a personal judgment against the estate of Eddy. The affidavit was

made by one of the plaintiffs, and is as follows: "I, J. R. Loyd, member of the firm of Loyd & Co., partnership composed of J. R. Loyd and J. T. Dodd, do solemnly swear that the annexed and foregoing account is just and true; that it contains a true, perfect and complete statement of material furnished by Loyd & Co. aforesaid in, upon and about the house aforesaid; that said material furnished at the instance and request and by employment of B. W. Eddy, the ostensible owner of said property, and that the amount of $1,272.75 is justly due after all just credits have been given." The statute provides that the affidavit. if made by the claimant, shall state "that nothing has been paid or delivered toward the demand except what is credited thereon, and that the sum demanded, naming it, is justly due." Kirby's Digest, § 114. The affidavit substantially conforms to the requirement of the statute. It declares that the account "is just and true," and that the amount named "is justly due after all just credits have been given." This is equivalent to stating that "nothing has been paid or delivered toward the satisfaction thereof except what is credited thereon," and that the sum demanded is justly due.

Judgment affirmed.