BARNETT BROTHERS v. WRIGHT.

Opinion delivered December 21, 1914. .

1.   MECHANIC'S LIENS—AFFIDAVIT.—In an action to enforce a mechanic's lien, the affidavit filed in the circuit court is not the basis of the cause of action, and is not a part of the pleadings which could be reached by demurrer, nor does it constitute the evidence of indebtedness on which the action is founded.

2.   MECHANIC'S LIENS—AFFIDAVIT—SUFFICIENCY OF DESCRIPTION—EVIDENCE.—The affidavit given to procure a mechanic's lien, will be held sufficient, when the complaint in the action to enforce the lien is tested on demurrer, which describes the property as a certain lot, one acre in area, owned by defendant, on which his dwelling house is situated, and evidence aliunde is admissible to identify the property.

3.   MECHANIC'S LIENS—DESCRIPTION OF PROPERTY.—The description of property sought to be charged with a mechanic's lien is sufficient, if there appears enough in the description to enable a party familiar with the locality to identify the premises intended to be described, with reasonable certainty, and to the exclusion of all other property.

4.   MECHANIC'S LIENS—ASSIGNMENT OF CLAIM—PARTIES.—The rights of the lienor in a claim for a mechanic's lien may be assigned under Kirby's Digest, § 4994, and the original claimant is not a necessary party to the action.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*Appellants, pro se.*

1.   The court erred in sustaining the demurrer.   The carpenter had a lien for his work.   Kirby's Dig., § 4970.

The description was sufficient, but, if not a defective description, is no ground of demurrer. Kirby's Dig., § 6136.

2. Mechanic's liens may be enforced in the circuit court, although the amount is less than $100. 31 Ark. 486; Kirby's Dig., § 4983. A substantial compliance with the law is all that is required, as mechanic's lien laws are liberally construed. 30 Ark. 568.

*E. H. Vance, Jr.,* for appellee; *Albert W. Jernigan,* of counsel.

1. The sworn statement for a lien "containing a *correct description* of the property," was not filed within ninety days. Kirby's Dig., § 4981, p. 1072.

2. The description was fatally defective. 83 Ark. 334; 59 *Id.* 460; 69 *Id.* 357; *Ib.* 357; 77 *Id.* 542; 93 *Id.* 176; 94 *Id.* 306. Alexander had no lien and none passed to appellants by the assignment.

*Mehaffy, Reid & Mehaffy,* in reply for appellants.

The lien was filed in time (Kirby's Dig., § 4981), and the description as amended is sufficient. 90 Ark. 340; 52 *Id.* 302; 30 *Id.* 568; 49 *Id.* 475; 51 *Id.* 302.

McCulloch, C. J. Appellants instituted this action in the circuit court of Hot Spring County to enforce a lien for the price of labor performed by one Alexander, a mechanic, for appellee in the construction of a house on a lot owned by the latter. Alexander assigned his claim to appellants, after having filed the claim in the office of the circuit clerk of the county, verified by affidavit, as provided by statute. In the affidavit of verification, the property was described as "the dwelling house of John W. Wright, which is situated on part of the northeast quarter of the southwest quarter of the southwest quarter, of section 13, township 4 south, range 17 west, containing one acre of land." The lot is accurately described by metes and bounds in the amended complaint. The court sustained a demurrer to the complaint on the ground that the description in the affidavit of verification, which is exhibited with the complaint, is insufficient to accurately identify the property

sought to be charged with the lien. Appellants declined to plead further, and judgment was rendered dismissing the complaint.

(1) The complaint describes the property accurately and states a cause of action. Therefore, it is good on demurrer. The affidavit was not the basis of the cause of action, and did not become a part of the pleadings so as to be reached by demurrer. Such is the rule in actions at law. *Sorrells* v. *McHenry*, 38 Ark. 127; *Euper* v. *State*, 85 Ark. 223.

The statute (Kirby's Digest, § 6128), provides that "if the action, counterclaim or set-off is founded on a note, bond, bill or other writing as evidence of indebtedness, the original, or a copy thereof, must be filed as part of the pleading," but the affidavit does not constitute the "evidence of indebtedness" on which the action is founded.

Even if the affidavit could be considered in testing the sufficiency of the complaint, we are of the opinion that the description therein is sufficient. That is to say, it is sufficient when challenged by demurrer. The words furnish the key to a description of the property sought to be charged, and are sufficient to let in extrinsic proof in aid thereof. *Eddy* v. *Loyd*, 90 Ark. 340.

(2) The language of the affidavit is equivalent to a statement that the property sought to be charged with the lien is a certain lot, one acre in area, owned by appellee, on which his dwelling house is situated, and evidence *aliunde* is admissible to identify the property.

(3) Mr. Phillips, in his work on Mechanic's Liens (3 ed., § 379), discussing the rules of law established by decisions of court with reference to the essentials of a description of property sought to be charged with a mechanic's lien, says: "Among those laid down, and probably the best rule to be adopted, is, that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. There is great reluctance to

set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. It is enough that the description points out and indicates the premises, so that, by applying it to the land, it can be found and identified. A description that identifies is sufficient, though inaccurate. If the description identifies the property by reference to facts, that is, if it points clearly to a piece of property, and there is only one that will answer the description, it is sufficient.''

In the same section, the author gives numerous illustrations of rather loose descriptions which have been upheld by various courts.

The same rule is in substance stated with approval by other text writers on the subject. Boisot on Mechanic's Liens, § 431; Rockel on Mechanic's Liens, § 103.

(4)   The statute (Kirby's Digest, § 4994) expressly authorizes an assignment of a claim of this kind, and Alexander, the original claimant, is not a necessary party to the action.

The circuit court erred in sustaining the demurrer, and the judgment is reversed and the cause remanded with directions to overrule the demurrer.