FERGUSON LUMBER COMPANY *v*. SCRIBER.

Opinion delivered February 11, 1924.

1.  MECHANICS' LIEN—PRIORITY OVER MORTGAGE.—Where the owner of a 50-foot lot contracted for materials for improving a barn on the south 22 feet, the materialman filed an affidavit claiming a lien on the north 22 feet, which was unimproved, the misdescription was not misleading, and did not invalidate the lien.

2.  MORTGAGES—PRIORITY OF MECHANICS' LIEN.—Under Crawford & Moses' Dig., § 6911, providing that a mechanic's or materialman's lien relates back to the commencement of the building or improvement, *held* that where plaintiff, under contract to furnish materials for a building, began to furnish such materials on March 24, its lien took precedence over a mortgage filed for record on March 26, though some of the materials were furnished later.

3.  MECHANICS' LIENS—TIME OF FILING.—A lien for materials furnished for a building was filed within time under Crawford & Moses' Dig., § 6922, where the last item of materials was furnished within 90 days of the date of filing the sworn account with the circuit clerk.

4.  MECHANICS' LIENS—TIME OF FILING.—The test to determine whether the last item debited for materials or labor is to be included in a lien for materials furnished for a building is whether it is embraced in the contract to furnish the materials for which the lien is claimed.

Appeal from Benton Chancery Court; *Ben F. McMahan*, Chancellor; reversed.

*Duty & Duty*, for appellant.

Appellant was entitled to a lien on the entire lot on which the building was located. C. & M. Digest, 6906. The description of the land in the affidavit was sufficient. 90 Ark. 340. A substantial compliance with the statute is sufficient. 119 Ark. 43; 56 Ark. 544; 90 Ark. 108; 107 Ark. 245; 116 Ark. 44; 124 Ky. 251; 14 Ann. Cas. 688; 24 Pa. St. 507; 14 Wyo. 455; 96 Ala. 346; 13 Ind. App. 432;

77 Neb. 833.   The lien when filed dates back to the time of furnishing the material.   32 Ark. 59; 56 Ark. 640; 71 Ark. 35.

*Sullins & Ivie,* for appellee.

The mortgage was filed before any claim of lien was filed by appellant and is therefore prior to his claim. 178 S. W. 406; 244 S. W. 348.   The purchase of a small amount is not sufficient to extend the time for filing the claim for lien.   235 S. W. 416.

SMITH, J.   This is a suit to enforce a materialman's lien on a lot in the city of Rogers, Arkansas, which arose on the following facts:   On March 15, 1920, Scriber purchased and received a deed from Hudspeth, conveying the south 22 feet of lot 3, block 12, in the original town of Rogers, and on March 17, 1920, he executed a mortgage thereon, which was filed for record March 26, 1920.   At the time of the execution of the deed from Hudspeth to Scriber, Hudspeth owned the entire lot 3, which was an ordinary town lot 50 by 140 feet, and on April 16, 1920, Hudspeth conveyed to Scriber the remaining 28 feet of the lot.

On September 22, 1921, Scriber conveyed to Clouston, by warranty deed, 25 feet off the north side of the lot, and by subsequent deeds conveyed the remainder of the lot to Clouston, who himself subsequently conveyed to Cady the north 28 feet of the lot.

On March 24, 1920, Scriber contracted to purchase from the Ferguson Lumber Company lumber and material with which to improve and remodel a galvanized iron barn situated on said lot 3, to be used as a veterinary hospital.   These materials were furnished over a period of time from March 24, 1920, to June 22, 1920, the last item being some cement furnished to put around a flue which was leaking, and this item of cement is the only item on the account which was furnished within ninety days of the time when the claim for a lien was filed with the clerk of the circuit court.

On September 9, 1920, which was within ninety days of the date of the last item furnished, the lumber com-

pany filed with the clerk of the circuit court a verified account of the articles furnished, as required by § 6922, C. & M. Digest, and a lien was claimed on the north 22 feet of the lot. On December 6, 1921, the lumber company filed a suit to foreclose the lien against the barn and the lot on which it was located.

It appears that the barn was not located on the north side of the lot, but was, in fact, located on the south side, and the court took the view that, inasmuch as Scriber had acquired title to the respective portions of the lot by separate conveyances, they should be treated as separate lots, and, as the notice described the barn as being on a portion of the lot which was, in fact, vacant, the court held that the land had not been correctly described.

Cady was made party defendant, and it appears that he had actual knowledge of the facts set out above, but he assumed there was no lien on the south part of the lot, because it was not described in the account and demand for a lien filed with the clerk, and the court so found, and refused to decree that the lumber company had a lien on the land on which the barn was located, but did render judgment against Scriber for the amount sued for, and the lumber company has appealed.

We think the court was in error in holding the description insufficient. It is true Scriber owned only the south 22 feet of the lot when he contracted for the purchase of the materials, but he became the owner of the entire lot, as shown above. The lot was only 50 by 140 feet, and there was no other barn or other building on the north part of it. There appears to be no reasonable doubt that the plaintiff lumber company was attempting to claim a lien on the land on which the building stood. The building appears to have extended from the east end to the west end of the lot, and to have occupied all of the south 22 feet thereof. It would, no doubt, have been better to have described the improvement as being on lot 3, without the unnecessary particularity employed. Sections 6906 and 6908, C. M. Digest. But we do not think the mistake made defeated the claim for a lien.

The question of the sufficiency of the description to
be employed to perfect the claim of a materialman's lien
has been several times considered by this court, a very
recent case being that of *Arkmo Lumber Co.* v. *Cantrell,*
159 Ark. 445. There materials had been furnished to
repair buildings on a plantation, and the land upon which
it was asked that a lien be declared was described as con-
sisting of 1,380 acres in Jefferson County, Arkansas.
We held that this description did not describe any partic-
ular tract or acre on which the buildings were situated,
nor any particular building or buildings upon which the
lien was sought to be established. It was held—but not
by a unanimous vote—that this description was not suf-
ficient. In the opinion it was said: "The majority does
not mean to say that either the acre of land on which the
lien is sought, or the building thereon, must necessarily
be described in any particular form. All that is essential
is that the acre of land or the building be designated in
such language as will afford information concerning the
situation of the property to be charged with the lien. Of
course, if the building be described so as to properly
designate its location, this is sufficient, for the statute
itself fixes the quantity of land to be charged."

The authorities were reviewed in the case of *Barnett
Bros.* v. *Wright,* 116 Ark. 44, and we there said: "Mr.
Phillips, in his work on Mechanics' Liens (3 ed. § 379),
discussing the rules of law established by decisions of
court with reference to the essential of a description of
property sought to be charged with a mechanic's lien,
says: 'Among those laid down, and probably the best
rule to be adopted, is that if there appear enough in the
description to enable a party familiar with the locality
to identify the premises intended to be described with
reasonable certainty, to the exclusion of others, it will be
sufficient. There is great reluctance to set aside a
mechanic's claim merely for loose description, as the acts
generally contemplate that the claimants should prepare
their own papers; and it is not necessary that the descrip-
tion should be either full or precise. It is enough that

the description points out and indicates the premises, so that, by applying it to the land, it can be found and identified. A description that identifies is sufficient, though inaccurate. If the description identifies the property by reference to facts, that is, if it points clearly to a piece of property, and there is only one that will answer the description, it is sufficient.' "

The description of the land here employed was inaccurate, but it was not misleading. Its defect was that, in attempting to describe the land with exact but unnecessary particularity, a mistake was made, but no one could be, or was, misled by it. The barn was a large structure, and was the only building on the lot, and no one could have believed that the materialman was claiming a lien on the part of the lot only on which there was no building of any kind into the construction of which his material had gone, and was claiming no lien on the land on which the building itself stood.

In support of the finding of the court below, it is also insisted that the mortgage is superior to the materialman's lien, because it was, in fact, filed for record before all the material, or, for that matter, before most, of the material was furnished. But, as we have said, the plaintiff began to furnish the material on the 24th day of March, which was two days before the mortgage was filed for record, and by statute the right to a lien relates back to the commencement of the building or improvement.

Section 6911, C. & M. Digest, reads as follows: "Section 6911. The lien for work and materials as aforesaid shall be preferred to all other incumbrances which may be attached to or upon such buildings, bridges, boats or vessels or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements."

The section quoted is identical with § 4408, Mansfield's Digest, so far as the point now under consideration is concerned, although that section of Mansfield's Digest had been several times amended, and that section was construed in the case of *Apperson v. Farrell*, 56 Ark.

608. A mechanic and a mortgagee had liens on the same land, and the question involved was that of priority. The owner commenced the erection of a mill June 1, 1890, and employed a mechanic to perform work on the mill until about October 1, 1890, for all of which he was fully paid, when he quit the job and did no more work until the 19th of February, 1891. The owner executed a mortgage on the property on July 12, 1890, which was duly recorded, and the work for which the mechanic claimed a lien was done, as is stated in the opinion, nearly six months after the mortgage had been filed for record. The court held that the statute gave the mechanic a lien for the wages due him from the time his work commenced, and that his lien was superior to the mortgage.

Under the amended statute, quoted above, the materialman has the same lien as the mechanic, and, as he began to furnish the material before the mortgage was filed for record, his lien is superior to the mortgage, although a portion of the material for which that lien is claimed was furnished subsequently to the filing, of the mortgage. See also *White* v. *Chaffin,* 32 Ark. 59.

We are of the opinion also that the date on which the cement was furnished is to be considered in determining whether the account was filed within the time required by § 6922, C. & M. Digest. This section requires that the lien claimant shall, within ninety days after the work has been done or the materials have been furnished, file with the clerk of the circuit court a just and true account of the demand due or owing to him, after allowing all credits. The statute contemplates that the items will bear different dates; in other words, that there will be items of debit and credit, and the requirement of the statute is that, within ninety days of the date of the last item debited, the account shall be filed. *Mitchell* v. *Schulte,* 142 Ark. 446; *Hill* v. *Imboden,* 146 Ark. 99; *Burel* v. *East Ark. Lbr. Co.,* 129 Ark. 58; *Cunningham* v. *Kimbro Lbr. Co.,* 151 Ark. 194.

Was the cement a part of the account? Mr Blackburn testified that he was the carpenter who finished the

job, and that Scriber told him, when he began work, to get what he needed from the lumber company, whose lumber yard was only a short distance away, and that he just went over there when he needed anything, and that two, three or four days after the job was apparently completed he was notified that a flue leaked, and that he went to the lumber company yard and got the cement to stop the leak. We think this item should be included in the bill for the materials. The amount of the item is not the test; the test is whether the item, large or small, is embraced in the contract to furnish the material for which the lien is claimed, and, as we think the cement should be so included, it follows that the account was filed within the time limited by law.

The decree of the court must therefore be reversed, and the cause will be remanded with directions to declare a lien in appellant's favor, as prayed for in the complaint.