BROWN *v.* TURNAGE HARDWARE COMPANY, INC.

Opinion delivered April 21, 1930.

*A. D. Pope,* for appellants.

*Ragsdale & Matheney,* for appellee.

HART, C. J., (after stating the facts). No reversal of the decree can be had on account of vacating the first decree and setting aside the sale thereunder, for the reason that this was done on the motion of appellants, and they could not be prejudiced by the court acting in their favor thereunder.

It is earnestly insisted, however, that the decree should be reversed, because it is sought to foreclose a mechanics' lien on a tract of land comprising 360 acres. The verified account of the material furnished indicated that they all went into one building, and the description of the land shows that it all constituted one tract. We have frequently held that the statute should receive a liberal construction to effectuate its remedial purposes. All that is necessary is that a person of ordinary understanding should be able to find and recognize the premises intended by the description. The mere fact that more land was embraced in the claim filed by appellee under

608

the statute and in the decree rendered by the court will not of itself invalidate the lien; but it will be good to the extent recognized by the statute. It is sufficient that the description points out and indicates the premises so that, by applying it to the land, the structure into which the materials are placed can be found and identified. *Arkmo Lumber Co.* v. *Cantrell,* 159 Ark. 445, 252 S. W. 901; *Ferguson Lumber Co.* v. *Scriber,* 162 Ark. 349, 258 S. W. 353; and *Georgia State Savings Assn.* v. *Marrs,* 178 Ark. 18, 9 S. W. (2d) 785.

It is insisted, however, that this view is opposed to the holding in the case first cited. We do not think so. In that case the record shows that several buildings were erected on the tract of land comprising 1,380 acres, and there was nothing to identify which of the tenant houses were intended to be described. In the present case the verified account indicates that there was only one house into which the materials entered, and the decree shows that this was identified as the home of appellants. This view was recognized by the court in *Arkmo Lumber Co.* v. *Cantrell, supra,* where it was said:

"The majority does not mean to say that either the acre of land on which the lien is sought, or the building thereon, must necessarily be described in any particular form. All that is essential is that the acre of land or the building be designated in such language as will afford information concerning the situation of the property to be charged with the lien. Of course, if the building be described so as to properly designate its location, this is sufficient, for the statute itself fixes the quantity of land to be charged."

In the application of this principle the fact that the claim filed under the statute described more land than is subject to the lien does not defeat the lien as to the amount of land subject thereto under the statute where the claim and the account filed with it, duly verified as required by statute, indicate the improvement so that it can be identified by persons of ordinary intelligence.

To hold otherwise would subject substance to form, and deny the lien to persons clearly entitled thereto under the statute.

It follows that the decree must be affirmed.