**In re TAYLOR OAK FLOORING CO.**

No. 523.

United States District Court
W. D. Arkansas, El Dorado Division.
Nov. 29, 1949.

J. Wirth Sargent of Jochems, Sargent & Blaes, Wichita, Kan., Maurice D. Bedwell (of Wilder, Bedwell & Morgan) Fort Smith, Ark., on brief, for creditors.

Aubert Martin, Warren, Ark., for claimants.

JOHN E. MILLER, District Judge.

The Taylor Oak Flooring Company, a corporation, was adjudged a bankrupt on September 30, 1948, but the petition, which was filed by creditors other than the claimants, upon which the adjudication was made was filed August 30, 1948, and the questions before the Court are on petitions for review of the action of the Referee in disallowing the claims of the Hurley Hardware & Furniture Company in the amount of $923.00, of Farmers Supply Company in the amount of $2,690.60 and of Dick Hedrick in the sum of $689.69 as secured claims.

The Referee made and filed his findings of fact and conclusions of law, separately stated, and are included in the certificate filed by the Referee and now before the Court.

It will not be necessary to set forth in extenso the findings of fact and only brief reference thereto is necessary to determine the questions presented by the petitions for review. The Hurley Hardware & Furniture Company is a corporation operating a store in the City of Warren, the county site of Bradley County, Arkansas. Warren is a small city having a population of approximately 2750. The Taylor Oak Flooring Company, the bankrupt, was in possession of a tract of land lying in the city limits and about four blocks east of court square, and consisting of eight acres, under a lease and option to purchase. Located on the tract of land was one mill building about thirty-five feet wide and three-hundred feet long, one small office building and storage room, a storage shed, a lumber stacking shed and one dry kiln located approximately four-hundred feet from the mill building. These are all of the structures that belonged to the bankrupt and situated on the land as aforesaid, or elsewhere in Bradley County, Arkansas. The location of its place of business was well known and could have been located by inquiry addressed to any inhabitant of the City of Warren.

On January 5, 1948, the bankrupt began certain improvements on its buildings. On that date it made its first purchase of materials from the Hurley Hardware & Furniture Company, which purchases continued until July 27, 1948. The total amount of the purchases was $1,919.16, upon which the sum of $996.16 was paid, leaving due a balance of $923.00.

On September 10, 1948, within ninety days after the last item was furnished by this claimant, it filed with the Circuit Clerk of Bradley County, Arkansas, an itemized statement of the material furnished to the bankrupt. The affidavit attached to the statement of the account is as follows:

"Comes Bates Wheeler, bookkeeper for Hurley Hardware & Furniture Company, Warren, Arkansas, and says on oath:

"That Hurley Hardware & Furniture Company sold and delivered on behalf of the Hurley Hardware & Furniture Compa-

ny to Taylor Oak Flooring Company certain materials between the dates of January 5, 1948, and July 27, 1948, itemized statement of which is hereto attached and made a part hereof.

"That the above statement of account is true and correct and that there is now due $923.00; that the said materials were furnished for and used in the construction and repair of certain buildings or building; that the Hurley Hardware & Furniture Company claims a lien on the property aforesaid to secure said sum of $923.00."

The itemized account attached to the affidavit of the bookkeeper recites in detail the material that was furnished. A casual glance at it discloses that all the material was such as would be used ordinarily in repairing the mill building, office building and dry kiln owned by the bankrupt.

The claimant, Farmers Supply Company of Warren, Arkansas, furnished certain material and performed certain labor for the bankrupt between the dates of March 2, 1948, and July 18, 1948, in the total sum of $2,690.16. Nothing was paid by the bankrupt on the account and on August 19, 1948, within ninety days after the last material and labor was furnished, it filed with the Circuit Clerk of Bradley County, Arkansas, an itemized statement of the materials and labor furnished the bankrupt. The affidavit attached to the statement of the account is as follows:

"Comes John Lipton, Office Manager of the Farmers Supply Company, Warren, Arkansas, and says on oath:

"That Farmers Supply Company sold and delivered on behalf of Farmers Supply Company to Taylor Oak Flooring Company certain materials and performed certain labor between the dates of March 2, 1948, and July 18, 1948, itemized statement of which is hereto attached and made a part hereof.

"That the above statement of account is true and correct and that there is now due $2,690.16; that said materials and labor were furnished for and used in the repair of certain motors and certain machinery; that the Farmers Supply Company claims a lien on the property aforesaid to secure said sum of $2,690.16."

A reference to the itemized account discloses that the material furnished and work done was for repair of the mill building and the machinery therein, including motors.

The claimant, Dick Hedrick, furnished materials to and performed certain labor for the bankrupt between the dates of May 25, 1948, and July 2, 1948, and on August 14, 1948, within ninety days from the date the last materials and labor were furnished, the said claimant filed with the Circuit Clerk of Bradley County, Arkansas, an itemized statement of the materials furnished and work done for the bankrupt. The affidavit attached to the account is as follows:

"Comes Dick Hedrick and says on oath:

That he sold and delivered on behalf of Dick Hedrick to Taylor Oak Flooring Company certain material and performed certain labor between the dates of May 25, 1948, and July 2, 1948, itemized statement of which is attached hereto and made a part hereof.

"That the above statement of account is true and correct and that there is now due $689.69; that said materials and labor were furnished for and used in the repair of certain motors, for replacing starter and line to conveyor on rip saw and replacing starter to rough knot saw, for installing lighting fixtures in office and dry kiln, for running blow pipe to new burner, and for miscellaneous other uses. That Dick Hedrick claims a lien on the property aforesaid to secure said sum of $689.69."

An examination of the account attached to the affidavit discloses that all of the material furnished was installed in the buildings mentioned in the affidavit.

All of the claimants filed with the referee proof of their claims on December 14, 1948.

The Trustee filed objections to the allowance of the claims as secured claims and the Referee held as follows:

"The affidavit for a lien filed by each of the respective claimants herein did not contain a correct and sufficient description of the property to be charged with the lien, and therefore failed to comply with the requirements of Arkansas Statutes 1947, Sections 51-601 and 51-613. Arkmo

Lumber Company v. Cantrell, 159 Ark. 445, 252 S.W. 901.

"Hurley Hardware & Furniture Company, Farmers Supply Company and Dick Hedrick are not entitled to participate in the assets of this estate as secured creditors, but their claims should be allowed as common claims."

Section 51-601, Arkansas Statutes 1947, provides: "Every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work upon, or furnish any material, fixtures, engine, boiler or machinery for any building, erection, improvement upon land, or upon any boat or vessel of any kind, or for repairing same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of this act (§§ 51-601, 51-604—51-626), shall have for his work or labor done, or materials, fixtures, engine, boiler or machinery furnished a lien upon such building, erection or improvement, and upon the land belonging to such owner or proprietor on which the same are situated, to the extent of one acre; or if such building, erection or improvement be upon any lot of land in any town, city or village then such lien shall be upon such building, erection or improvements, and the lots or land upon which the same are situated".

Section 51-613, supra, is as follows: "It shall be the duty of every person who wishes to avail himself of this act (§§ 51-601, 51-604—51-626) to file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated, and within ninety (90) days after the things aforesaid shall have been furnished or the work or labor done or performed, a just and true account of the demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit."

Section 67, sub. b, of the Bankruptcy Act of 1938, as amended, 11 U.S.C.A. § 107, sub. b, reads as follows: "The provisions of section 60 of this Act to the contrary notwithstanding, statutory liens in favor of employees, contractors mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or any State or subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against a trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy or of the original petition under chapter 10, 11, 12, or 13 of this Act, by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court."

Section 2(10) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 11(10), Appendix, provides that the court is vested with jurisdiction to "consider records, findings, and orders certified to the judges by referees, and confirm, modify, or reverse such findings and orders, or return such records with instructions for further proceedings".

General Order No. 47 of the Orders in Bankruptcy, 11 U.S.C.A. following section 53, provides: "Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

Under this grant of power, the court is not barred from considering any issue presented by the record even though it was not discussed by or before the Referee. The only limitation imposed on the court is that "the judge shall accept his (the Referee's) findings of fact unless clearly erroneous." 2 Collier on Bankruptcy, 14th Edition, Page 1496, Sec. 39.28.

In the matter before the Court there does not appear to be any question of fact. There is no dispute as to what was done or the manner in which it was done, and the only question before the Court is the correctness of the conclusion of the Referee that the liens as filed by the claimants are void because of noncompliance with the statutes of Arkansas hereinbefore set forth.

It is not necessary to consider the status of the claims under Sections 64 and 67, sub. c, of the Act, 11 U.S.C.A. §§ 104, 107, sub. c. It will be time enough to consider those questions if and when they arise. Under the provisions of 67, sub. b, supra, if the liens are within the provisions of the applicable Arkansas statutes their validity should be recognized in this proceeding.

■ A Bankruptcy Court is a court of equity in the sense that in adjudging the rights of parties, it is governed by the principles and rules of equity jurisprudence. The court does not, however, have plenary jurisdiction in equity but is confined in the application of the rules and principles of equity to the jurisdiction conferred upon it by the provisions of the Bankruptcy Act. Southern Bell Telephone & Telegraph Company v. Caldwell et al., 8 Cir., 67 F.2d 802; Wheeling Valley Coal Corporation et al. v. Mead, 4 Cir., 171 F.2d 916; 1 Collier on Bankruptcy, 14th Ed., page 162, Sec. 2.09.

In Pepper v. Litton, 308 U.S. 295, 303–305, 60 S.Ct. 238, 244, 84 L.Ed. 281, the court said:

"Courts of bankruptcy are constituted by §§ 1 and 2 of the bankruptcy act, 30 Stat. 544, 11 U.S.C.A. §§ 1, (8) 11, and by the latter section are invested 'with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings.' Consequently this Court has held that for many purposes 'courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity'. Local Loan Co. v. Hunt, 292 U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230, 93 A.L.R. 195. By virtue of § 2 a bankruptcy court is a court of equity at least in the sense that in the exercise of the jurisdiction conferred upon it by the act, it applies the principles and rules of equity jurisprudence. Larson v. First State Bank, 8 Cir., 21 F.2d 936, 938. Among the granted powers are the allowance and disallowance of claims; the collection and distribution of the estates of bankrupts and the determination of controversies in relation thereto; the rejection in whole or in part 'according to the equities of the case' of claims previously allowed; and the entering of such judgments 'as may be necessary for the enforcement of the provisions' of the act. In such respects the jurisdiction of the bankruptcy court is exclusive of all other courts. United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 217, 32 S.Ct. 620, 625, 56 L.Ed. 1055.

"The bankruptcy courts have exercised these equitable powers in passing on a wide range of problems arising out of the administration of bankrupt estates. They have been invoked to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done. By reason of the express provisions of § 2 these equitable powers are to be exercised on the allowance of claims, a conclusion which is fortified by § 57 sub. k, 11 U.S.C.A. § 93, sub. k. For certainly if, as provided in the latter section, a claim which has been allowed may be later 'rejected in whole or in part, according to the equities of the case', disallowance or subordination in light of equitable considerations may originally be made."

In 4 Collier on Bankruptcy, 14th Ed., page 228, sec. 67.26, it is said: "Whatever disagreement in opinion there may have been on the matter prior to the Act of 1938, it is now clear that statutory liens may be valid if they arise before bankruptcy although they are perfected after bankruptcy, if the perfection is within the time permitted by and in accordance with the requirements of applicable law. Subdivison b (Section 67 of the Act, as amended) adopts the theory that the local law should determine the susceptibility of such liens to perfection after bankruptcy."

All the claimants filed their liens prior to the adjudication of the bankrupt, and all of them furnished the materials and labor prior to the filing of the petition in bankruptcy. The date of bankruptcy is determined by the date when the petition was filed. Section 1(13) of the Act of 1938, Title 11 U.S.C.A. § 1(13). The claims of Farmers Supply Company and Dick Hedrick were pending in the office of the Circuit Clerk of Bradley Court on the date the petition was filed, and the claim of Hurley Hardware & Furniture Company was on file in said office at the time of the adjudication, and all of them were filed in the office of the Circuit Clerk within ninety days of the furnishing of the last material and labor. Therefore, the materials and labor had been furnished and the debts were actually existing on the date the petition was filed, and the liens have been perfected within the time provided by the statute of Arkansas, Section 51-613, supra.

No contention is made that the claims are invalid except as found by the Referee that the filing thereof "failed to comply with the requirements of Arkansas Statutes, supra."

It is therefore necessary for the court to determine whether the claimants complied with the Arkansas statute in the preparation and filing of their accounts and affidavits.

The liens asserted by claimants are statutory. At common law no such lien was known or recognized, and in determining whether claimants have a valid lien all the facts must be considered in construing the statute.

The statute, Section 51-613, supra, which the attorney for the other creditors contends was not complied with and which the Referee held had not been complied with, has heretofore been set forth in full. It provides inter alia that the claimant shall file "a just and true account of the demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien". No objection is made to the statement of the account other than that "a correct description of the property to be charged" is not contained in the state-

ment of the account or the attached affidavit.

In Barnett Brothers v. Wright, 116 Ark. 44, 172 S.W. 254, the court, in a suit to enforce a lien for labor in the construction of a house, in referring to the statement of the account and affidavit said: "The words furnish the key to a description of the property sought to be charged, and are sufficient to let in extrinsic proof in aid thereof. Eddy v. Loyd, 90 Ark. 340, 119 S.W. 264."

The Court further said:

"Mr. Phillips, in his work on Mechanics' Liens 3d Ed., § 379, discussing the rules of law established by decisions of court with reference to the essentials of a description of property sought to be charged with a mechanics' lien, says:

"'Among those laid down, and probably the best rule to be adopted, is that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient. There is great reluctance to set aside a mechanics' claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. It is enough that the description points out and indicates the premises, so that, by applying it to the land, it can be found and identified. A description that identifies is sufficient, though inaccurate. If the description identifies the property by reference to facts, that is, if it points clearly to a piece of property—and there is only one that will answer the description, it is sufficient.'"

In the case of Arkmo Lumber Company v. Cantrell, 159 Ark. 445, 252 S.W. 901, 906, the case relied upon by the Referee in denying the validity of the claims, the court said: "The majority does not mean to say that either the acre of land on which the lien is sought, or the building thereon, must necessarily be described in any particular form. All that is essential is that the acre of land or the building be designated in such language as will afford information concerning the situation of the

property to be charged with the lien. Of course, if the building be described so as to properly designate its location, this is sufficient, for the statute itself fixes the quantity of land to be charged."

These rules have been reiterated and applied by the Supreme Court of Arkansas to varying facts in many cases. See, Ferguson Lumber Company v. Scriber, 162 Ark. 349, 258 S.W. 353, Whitener v. Purifoy, 177 Ark. 39, 5 S.W.2d 724, 725. In the latter case, the Court, in quoting from Ferguson Lumber Company v. Scriber, supra, said:

"In the case of Ferguson Lumber Company v. Scriber, supra, the attempt to describe with exact certainty the portion of a block in a city upon which a barn was located, in the repair of which the plaintiff's materials had been used, resulted in the description in the affidavit of a portion of the block which was in fact vacant, but we held the affidavit to be sufficient notwithstanding that fact, and in so holding we said:

" 'The description of the land here employed was inaccurate, but it was not misleading. Its defect was that, in attempting to describe the land with exact but unnecessary particularity, a mistake was made, but no one could be, or was, misled by it. The barn was a large structure, and was the only building on the lot, and no one could have believed that the materialman was claiming a lien on the part of the lot only on which there was no building of any kind into the construction of which his material had gone, and was claiming no lien on the land on which the building itself stood.' "

If suit had been filed in the state court to foreclose the asserted liens of the claimants, they would have been permitted to accurately describe in their complaint the acre of land upon which the buildings were situated. See, Whitener v. Purifoy, supra, and Barnett Brothers v. Wright, supra.

For other cases in which the same rule as to the description necessary to be contained in the statement of the account and affidavit appears, see, Georgia State Savings Association v. Marrs, 178 Ark. 18, 9 S.W.2d 785, Brown v. Turnage Hardware Company, Inc., 181 Ark. 606, 26 S.W.2d 1114, and Arkansas Foundry Company v. American Portland Cement Company, 189 Ark. 779, 75 S.W.2d 387, 390.

In the latter case the court, in referring to the indentical statute, said: "We are of the opinion that the affidavit for lien sufficiently described the improvements of the Cement Company as to afford information concerning the situation of the property to be charged with the lien and that it is sufficient to enable any one familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others. This is the test many times announced and followed by this court." (Citing cases.)

The statement of the account of each of these claimants to which was attached the affidavit attacked by the other creditors discloses that the materials were furnished and the labor was performed upon the buildings of the bankrupt. The account of the Hurley Hardware & Furniture Company is for, among other things, cement, nails, bolts, roofing, roofing tacks, paint, asphalt, brickments, caulking compounds and hinges. The affidavit discloses that all of the material was furnished to the bankrupt and used in the construction or repair of certain buildings or building belonging to the bankrupt. In the proof of the claim before the Referee the President of the claimant testified by affidavit, "that Taylor Oak Flooring Company, Warren, Arkansas, had an account with Hurley Hardware & Furniture Company; that the materials and fixtures listed on the statement attached to the lien of the Hurley Hardware & Furniture Company were delivered to the premises of the Taylor Oak Flooring Company and affiant believes they were used on the premises; that the materials and fixtures were ordered from Hurley Hardware & Furniture Company by agents and employees of the Taylor Oak Flooring Company."

The statement of the account of Farmers Supply Company discloses that it performed labor on certain motors and furnished material for the repair of certain machinery, which materials are particularly described in the statement of the account, and the affidavit attached to the

statement of the account discloses, "that the said materials and labor were furnished for and used in the repair of certain motors and certain machinery of the Taylor Oak Flooring Company."

The statement of the account of the claimant, Dick Hedrick, discloses that he furnished, among other things, starters with push button and covers for replacing starter and line to conveyor on rip saw and starter to rough knot saw; that the labor was for installing lights in the office and dry kiln and in re-winding three 3-horse power, 1800 RPM, 3-phase 60-cycle motors and for disconnecting, disassembling and reconnecting the motors and for labor for running blow pipe to new burner and materials to repair and reconstruct burner; for certain materials for a 40-horse power starter connecting a 40-horse power motor and labor for installing starters; labor for hanging florescent lights in office and changing upright motors in the end-matcher and connecting welding machines.

The affidavit attached to the statement of the account discloses, "that said materials and labor were furnished for and used in the repair of certain motors, for replacing starter and line to conveyor on rip saw and replacing starter to rough knot saw, for installing lighting fixtures in office and dry kiln, for running blow pipe to new burner and for miscellaneous other uses."

In submitting proof of the claim to the Referee, Travis Davis testified by affidavit that he, as an employee of Dick Hedrick, along with Sherman Smith was in charge of the work done for the Taylor Oak Flooring Company; that on the Taylor Oak Flooring Company premises there is only one plant building which contains the machinery and plant fixtures; that the work performed and materials furnished by Dick Hedrick for Taylor Oak Flooring Company was done to the machinery, wiring, motors, etc., that made up a part of this building; that this work was done for the Taylor Oak Flooring Company and ceased when the petition in bankruptcy was filed.

Sherman Smith submitted a similar affidavit.

As a matter of fact the lien of the claimant, Dick Hedrick, might well have been asserted under Section 51-413, Arkansas Statutes 1947, which provides that any person "engaged in the business of repairing, re-winding, re-building of electric motors * * * and other electrical equipment" and who performs any work or furnishes any material "shall have an absolute lien on such object, thing, material or property for the full amount of such work or labor done or performed and material furnished", and he may enforce the lien by suit in the state chancery court after filing a statement of account showing only a just and true itemized account.

These claimants were furnishing the material and performing the labor at the time the petition in bankruptcy was filed. No doubt each individual prepared the statement of his account and, while the account does not contain a correct description of the property of the bankrupt, yet upon the filing of the accounts in the Office of the Circuit Clerk of Bradley County in the small City of Warren, no one could have been misled or mistaken as to the property that had been repaired by the materials and labor furnished by these claimants. The statements of the accounts point clearly to the property owned by the Taylor Oak Flooring Company. "It is the only one (piece of property) that will answer the description." It is not necessary to describe the land upon which the building or buildings are situated if the building or buildings are sufficiently described because the statute fixes the quantity of the land to be charged with the lien and, since this identical property was the only property that was owned by the bankrupt in Bradley County, Arkansas, any person of ordinary information would have been advised upon the most casual examination of the statements of the accounts and affidavits that liens were being claimed and asserted against the property of the Taylor Oak Flooring Company. All any interested person needed to do was to look at the accounts and, if not thoroughly convinced of the identity of the property, sufficient information was disclosed from the accounts upon which to base a proper inquiry which would have led him unerringly to the plant of the Taylor Oak Flooring Company, four blocks east of the Court House Square in Warren, Arkansas.

14

The facts as found by the Referee and as disclosed by his certificate are sufficient to sustain the liens asserted by the claimants. The facts make appropriate the statement of Mr. Justice Douglas in Pepper v. Litton, supra [308 U.S. 295, 60 S.Ct. 244], when in speaking of the equitable powers of a Bankruptcy Court, he said: "They have been invoked to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done. By reason of the express provisions of § 2 these equitable powers are to be exercised on the allowance of claims, a conclusion which is fortified by § 57, sub. k, 11 U.S.C.A. § 93 sub. k."

Therefore, the order of the Referee, dated October 19, 1949, in which he ordered "that the claim of Hurley Hardware & Furniture Company in the amount of $923.-00 be denied as a secured claim and allowed as a common claim; that the claim of Farmers Supply Company in the amount of $2,690.60 be denied as a secured claim and allowed as a common claim; and the claim of Dick Hedrick in the amount of $689.69 be denied as a secured claim and allowed as a common claim" should be reversed and the order modified by providing that said claims and each of them be allowed as a secured claim, and the claims will be remanded to the Referee for the entry of such order and all other proper orders not inconsistent herewith.