**In re HORTON VAULTS, INC., Debtor.**

**Richard L. RAMSAY, Trustee, Plaintiff,**

v.

**WESTBROOK CONSTRUCTION COMPANY, INC., Defendant.**

**Bankruptcy No. LR 87–371M.**
**Adv. No. 88–446M.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Aug. 31, 1989.

Richard L. Ramsay, Pine Bluff, Ark., trustee.

Kimberly Tucker, Pine Bluff, Ark., for trustee.

Larry K. Cook, Cabot, Ark., for defendant.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On February 25, 1987, Horton Vaults, Inc. filed a voluntary petition for relief under the provisions of chapter 11 of the United States Bankruptcy Code. On April 13, 1987, Hon. Richard L. Ramsay was appointed trustee. On February 24, 1988, the case was converted to chapter 7 and Hon. Richard L. Ramsay was again appointed trustee. On November 10, 1988, the trustee filed a complaint against Westbrook Construction Company, Inc. (Westbrook), to avoid a claim for materialman's lien against property of the estate.

The following shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K), and this Court has jurisdiction to enter a final judgment in the case.

The facts are not in dispute and the sole issue to be determined is the sufficiency of the description of the property in which the defendant claims a lien. The description in the lien statement described the property as "Metal building constructed at Route 1, Box 55, Romance, Arkansas 72136 for Horton Vaults."

Ark.Code Ann. § 18–44–101(a) provides as follows:

> Every mechanic, builder, artisan, workman, laborer, or other person who shall do or perform any work to or upon, or furnish any material ... for any building, erection, improvement to or upon land ... under or by virtue of any contract with the owner or proprietor thereof or his agent, trustee, contractor, or

subcontractor, upon complying with the provisions of this subchapter, shall have, for his work or labor done, or materials ... furnished, a lien upon the building, erection, or improvement and upon the land belonging to the owner or proprietor on which they are situated to the extent of one (1) acre or to the extent of any number of acres of land upon which work has been done or improvements erected.

Ark.Code Ann. § 18–44–117 provides in pertinent part:

It shall be the duty of every person who wishes to avail himself of the provisions of this subchapter to file with the clerk of the circuit court of the county in which the building, section or other improvement to be charged with the lien is situated ... a just and true account.... This account shall contain a correct description of the property to be charged with the lien[.]

A party wishing to avail itself of the benefits conferred by Ark.Code Ann. § 18–44–101 must substantially comply with the requirements of Ark.Code Ann. § 18–44–117 to have a lien declared in its favor. *Rust v. Kelley Bros. Lumber Co.*, 180 Ark. 517, 520, 21 S.W.2d 973, 974 (1929); *Conway Lumber Co. v. Hardin*, 119 Ark. 43, 47, 177 S.W. 408, 409–10 (1915). To constitute substantial compliance, a description of the property to be charged with the lien must describe a particular tract or a particular building. *Arkmo Lumber Co. v. Cantrell*, 159 Ark. 445, 459, 252 S.W. 901, 905–06 (1923). The property must be described with sufficient definiteness to enable a party familiar with the locality to identify the premises with reasonable certainty, to the exclusion of others. *In re Taylor Oak Flooring Co.*, 87 F.Supp. 6, 11–12 (W.D.Ark.1949); *Arkansas Foundry Co. v. American Portland Cement Co.*, 189 Ark. 779, 784, 75 S.W.2d 387, 390 (1934); *Barnett Bros. v. Wright*, 116 Ark. 44, 46–47, 172 S.W. 254, 254 (1914). The description must enable a person of ordinary intelligence to find and recognize the premises intended by the description. *Brown v. Turnage Hardware Co., Inc.*, 181 Ark. 606, 607, 26 S.W.2d

1114, 1115 (1930). If the description does not properly describe the property intended to be affected, the claimant is not entitled to a lien. *Speights v. Ark. Savings & Loan Ass'n*, 239 Ark. 587, 591, 393 S.W.2d 228, 231 (1965). Less certainty is required in the description in a notice or claim of lien than in a judgment, conveyance or deed. 53 Am.Jur.2d *Mechanics' Liens* § 213 (1970).

According to the testimony, Floyd, Arkansas, is a community of less than forty residents and does not have its own post office. The location represented by the mailing address of Box 55, Route 1, Romance, Arkansas, is actually located at Floyd, five to six miles away. The mail box is physically located across the road from the building in question. The evidence indicated that the building was the only metal building of that size in Floyd or anywhere along Route 1, and that it was the only property owned by the debtor in Floyd. The president of Westbrook testified that the site of the improvement was the only business or industry in Floyd and that "anybody that knows where Floyd, Arkansas, is can find [the building] by this description." The witness for the debtor testified that "anyone within 30 miles knew where Horton Vaults was."

Extrinsic evidence is admissible to cure otherwise insufficient descriptions. *Barnett Bros. v. Wright*, 116 Ark. at 46, 172 S.W. at 254. A description of the improvement itself which is sufficient to provide a correct identification of the improvement can aid in curing a defective description of the land upon which the improvement is located. *Ferguson Lumber Co. v. Scriber*, 162 Ark. 349, 351–53, 258 S.W. 353, 354–55 (1924); *Arkmo Lumber Co. v. Cantrell*, 159 Ark. at 459–60, 252 S.W. at 906. In determining that materialmen's claims should be allowed over the bankruptcy trustee's objection in *In re Taylor Oak Flooring Co.*, 87 F.Supp. at 13, the district court stated:

It is not necessary to describe the land upon which the building or buildings are situated if the building or buildings are sufficiently described because the statute

fixes the quantity of the land to be charged with the lien and, since this identical property was the only property that was owned by the bankrupt in Bradley County, Arkansas, any person of ordinary information would have been advised upon the most casual examination of the statements of the accounts and affidavits that liens were being claimed and asserted against the property of [the bankrupt].

In *Ferguson Lumber Co. v. Scriber*, 162 Ark. 349, 258 S.W. 353 (1924), the Arkansas Supreme Court found a description sufficient which referred to a barn on the north side of a lot when the barn was actually located on the south side of the lot. The court stated:

> The barn was a large structure, and was the only building on the lot, and no one could have believed that the materialman was claiming a lien on the part of the lot only on which there was no building of any kind[.]

*Id.* at 353, 258 S.W. at 355.

Here, the description is sufficient to enable a person with a reasonable amount of extrinsic evidence to locate the improvement in question. The description directs the reader to a mailbox located within eyesight of the improvement, and a layperson undoubtedly would be able to locate Route 1, Box 55, Romance, Arkansas, more easily and with less reference to extrinsic evidence than if the correct legal description were used. The improvement is the largest metal building in the locality, and is the only property owned by the debtor in that area. The improvement is the only piece of property which will reasonably answer the description provided. *In re Taylor Oak Flooring*, 87 F.Supp. at 13; *Barnett Bros. v. Wright*, 116 Ark. at 47, 172 S.W. at 254–55. *See Geisreiter v. Standard Lumber Co.*, 187 Ark. 893, 896, 63 S.W.2d 347, 348 (1933) ("leasehold and building situated on northeast corner of block 49, Dexter Harding's Addition" was sufficient description because "no person could be mistaken about the identity of the property"); *Georgia State Sav. Ass'n v. Marrs*, 178 Ark. 18, 23–24, 9 S.W.2d 785, 787–88 (1928) ("Southwest corner lot 50′ × 140′ facing 50′ on

Haes Street, all in block 10, Braley's addition to the town of DeQueen, Arkansas" held sufficient to describe tract on southwest corner of block 10); *Whitener v. Purifoy*, 177 Ark. 39, 40–41, 5 S.W.2d 724, 725–26 (1928) (although affidavit described house into which materials went as being in a different section from where it was actually located, description was sufficient because there was no uncertainty as to the house on which the lien was claimed); *Arkmo Lumber Co. v. Cantrell*, 159 Ark. at 459–60, 252 S.W. at 906 ("All that is essential is that the acre of land or the building be designated in such language as will afford information concerning the situation of the property to be charged with the lien"); *Eddy v. Loyd*, 90 Ark. 340, 342, 119 S.W. 264, 265 (1909) (description sufficient if it identified the property or furnished a means of identification). *See also Treasure Valley Plumbing & Heating, Inc. v. Earth Resources Co.*, 106 Idaho 920, 684 P.2d 322 (Ct.App.1984) (description of silver mine sufficient since mine location was well known and could be easily identified by one familiar with locality); *Sutherland Lumber Co. v. Due*, 212 Kan. 658, 512 P.2d 525 (1973) (description insufficient which referred only to rural route number, with no specific box number, where owner owned four tracts along the route); *Contract Steel Sales, Inc. v. Freedom Constr. Co.*, 84 N.C.App. 460, 353 S.E.2d 418, *aff'd*, 321 N.C. 215, 362 S.E.2d 547 (1987) ("DuPont Co. MMF process building, Fayetteville, N.C." held sufficient to describe improvement located 16 miles away); *Buckeye State Hauling, Inc. v. Troy*, 43 Ohio Misc. 23, 332 N.E.2d 776 (C.P.1974) (description containing wrong street address was sufficient if not misleading and interested party could locate the property); *Post–Tensioned Systems, Inc. v. Collins & Hobbs, Inc.*, 640 S.W.2d 576 (Tenn.Ct.App.1982) (street address sufficient without legal description if person of ordinary intelligence could locate the property); *Fircrest Supply, Inc. v. Plummer*, 30 Wash.App. 384, 634 P.2d 891 (1981) (legal description unnecessary if street address provided); Annotation, *Sufficiency of Notice, Claim, or Statement of*

*Mechanic's Lien with respect to Description or Location of Real Property,* 52 A.L.R.2d 12, at § 16 (1957).

Therefore, the trustee's complaint is overruled and a separate judgment in favor of the defendant will be entered pursuant to Bankruptcy Rule 9021.

IT IS SO ORDERED.